The People *v.* Riley.

---

SUPREME COURT. New York General Term, September, 1863.
*Sutherland, Ingraham* and *Leonard*, Justices.

THE PEOPLE *v.* JOHN RILEY.

Form of a *certiorari* to a Court of Special Sessions and of a return thereto, and, also, of the complaint taken before the magistrate, and of the recognizance taken to appear before the Court of Special Sessions.

Where a person arrested and brought before a magistrate in the city of New York, under a charge of petit larceny, presented to a magistrate a writing, signed by him, in which he waived a jury and demanded to be tried before a Court of Special Sessions, it was held that he waived thereby his right, when subsequently brought before the Court of Special Sessions, to demand a jury, and to have his case removed to the General Sessions, and also his right of appeal to the General Sessions, under 2 *R. S.*, 715, § 26.

THIS case came up on *certiorari* to a Court of Special Sessions.

On a petition of John Riley, verified by his counsel, W. F. HOWE, the following writ of *certiorari* was allowed:

*The People of the State of New York, to Richard Kelly, James R. Steers and James H. Welsh, Esquires, Police Justices of the city and county of New York,* GREETING: '

We having been informed that John Riley, of said city, was lately in a Court of Special Sessions of the Peace, held before you, convicted of petit larceny, and being willing for certain causes, to be certified of said conviction, and of the complaint, proceedings and judgment against said John Riley, do command you that the original complaint, the proceedings, testimony and judgment, with all things touching the same, by whatsoever name the party may be called therein, you send to the justices of our Supreme Court in and for the city and county of New York, distinctly and plainly, under your hands and seals; and that you cause this writ, and the affidavit delivered to you therewith, and your return thereto, to be filed in the office of our Supreme Court of Judicature, at the city hall, in the city of New York, on the first Monday of September, 1863.

Witness, Honorable GEORGE G. BARNARD, one of the justices of our Supreme Court, at the city hall, in the city of New York, this 1st day of August, 1863.

   [SEAL.]                          H. W. GENET, *Clerk.*
W. F. HOWE, *Attorney.*

(Indorsed.) " I hereby allow the within writ.

1st August, 1863.                     GEORGE GOULD."

To which the following return was made by the Court of Special Sessions.

*City and County of New York, ss:*

The undersigned, police justices in and for the city and county of New York, and justices of the Court of Special Sessions in said county, named in the annexed writ, certify

The People *v.* Riley.

and return to the Supreme Court, that on the 7th day of July, 1863, John Riley was brought before Joseph Dowling, Esq., one of the police justices in and for the city of New York, charged with petit larceny, upon the complaint, on oath and in writing, of George W. Barnett (a copy of which is annexed, marked A), and the said Riley thereupon (as appears by the paper annexed, marked B) elected and required to be tried for said alleged offense, by the Court of Special Sessions in said county, and also entered into a recognizance with surety, conditioned for his appearance at said court, to answer the complaint aforesaid (a copy of which recognizance is annexed, marked C).

The undersigned further return, that on the 30th day of July, 1863, they were, at the halls of justice in said city, duly associated and convened as a Court of Special Sessions for the trial of misdemeanors. And the said court having met, caused the said John Riley to be brought before them for trial for the offense specified in the said complaint; and the charge was then and there distinctly read to him, and he was required to plead thereto. By advice of counsel, the defendant refused to plead, and asked to have the case removed to the General Sessions, and demanded to be tried by a jury, which motion was denied by the court, and the court thereupon directed the clerk to enter and record a plea of not guilty. The said plea of not guilty was accordingly entered in the minutes of the court.

The court thereupon proceeded to try the said issue, and called to the stand George W. Barnett, the complaining witness, who, after being duly sworn by the clerk, testified as follows:

*George W. Barnett:* This person, the prisoner, came in and asked if he could have some pictures, and asked if he could sit in the afternoon; I asked him to take his chance, and said it would be better to have his address, and his turn would come the sooner; he asked for pen, ink and paper to write; I took him to the desk, and as I was suspicious of him, I sat at the opposite side of the desk, and I noticed the drawer open;

the clerk saw it too, and asked if he should arrest him; I said no, wait till he gets through; after that I told the clerk to go for an officer; he went and found an officer, and I mentioned to the policeman the bills the prisoner had stolen before he was searched; on searching him we found the two bills I had described; one was on the Tompkins County Bank, and the other was on the Park Bank; they were both $5 bills; they belonged to John Barnett; I told the officer the bills and denominations previous to his finding them; they had been received by me a few minutes before this; that was the reason I recollected them.

*The court to the prisoner:* Have you any questions to ask this witness?

*Counsel:* I decline to examine him.

*John E. Sparrow* was next called, and after being duly sworn, testified as follows:

*Q.* State what you know in relation to this matter?

*A.* The complainant came out to me, and I went in; he then told me the circumstances about this young man, and I arrested him; and he wished me to search him; I did so, and found two $5 bills concealed in his sock; I told him to take his shoes off, and then his socks; when I arrested him he was at No. 585 Broadway, on the second floor; complainant identified the bills; he told me the names of the banks before I found the bills, and also the denomination of the bills; they were the same as he described.

*The court to prisoner:* Young man, have you any witness?

Prisoner makes no answer.

After having heard the proofs and allegations in the case as above, the court found and determined that the said John Riley was guilty of the offense charged in the said complaint, and adjudged that he should be imprisoned in the penitentiary of the city of New York for the term of six months. A copy of the record of said conviction and judgment of the court is annexed, marked D.

The People *v.* Riley.

Given under our hands and seals this thirty-first day of August, 1833.

RICHARD KELLEY,    [seal.]
JAMES R. STEERS,    [seal.]
JAMES B. WELSH.    [seal.]

## (A.)

### POLICE COURT, HALLS OF JUSTICE.

*City and county of New York, ss:*

*George W. Barnett,* of No. 585 Broadway street, being duly sworn, deposeth and saith, that on the 7th day of July, 1863, at the          ward of the city of New York, in the county of New York, was feloniously taken, stolen and carried away from the possession of deponent the following property, viz.:

Two bank bills, of the value and denomination of five dollars each — $10 — the property of John Barnett, and that this deponent has probable cause to suspect, and does suspect, that the said property was feloniously taken, stolen and carried away by John Riley, now present, from the fact that said bills, which are now produced and identified by deponent, were in a drawer in said store; deponent saw said Riley open said drawer.

Deponent is informed that said bills were found on the person of said Riley.

GEORGE W. BARNETT.

Sworn before me, this 7th }
    day of July, 1863,        }
          JOSEPH DOWLING, *Police Justice.*

*City and county of New York, ss:*

*John E. Sparrow,* of the 28th precinct, being duly sworn, says, that on this day deponent found the two bank bills now produced and identified by George W. Barnett, in the stocking of John Riley, now present.

JOHN E. SPARROW.

Sworn before me, }
    July 7th, 1863, }
          JOSEPH DOWLING, *Police Justice.*

(B.)

| The People |
| :---: |
| *v.* |
| John Riley. |

On complaint of John Barnett for petit larceny.

After being informed of my rights under the law, I hereby waive a trial by jury, on this complaint, and demand a trial at the Court of Special Sessions of the Peace, to be holden in and for the city and county of New York.

Dated July 8th, 1863.                                    · JOHN RILEY.

(C.)

*City and County of New York, ss:*

Be it remembered that on the 8th day of July, in the year of our Lord, 1863, John Riley of No. ——————— street, in the city of New York, and Theodore Allen, of No. 79 Mercer street, in the said city, personally came before the undersigned, one of the police justices in the city of New York, and acknowledged themselves to owe to the People of the State of New York, that is to say : the said John, the sum of five (5) hundred dollars, and the said Theodore, the sum of five (5) hundred dollars, separately, of good and lawful money of the State of New York, to be levied and made of their respective goods and chattels, lands and tenements, to the use of said people, if default should be made in the condition following, viz :

Whereas, the said John was charged, before the undersigned police justice as aforesaid, on the oath of George W. Barnett, with misdemeanor, for having, on the 7th day of July, 1863, in the city and county of New York aforesaid, taken, stolen and carried away from the possession of complainant, two bank bills of the value of ten dollars, property of John Barnett.

And whereas, he has been brought before said justice to answer said charge, and upon the examination of the whole matter, pursuant to statute, it appearing to said justice that said *offense has been committed,* and that there is *probable cause* to believe said accused to be guilty thereof; and the said accused having elected to have his case heard and determined by

the Court of Special Sessions in said city and county;. and the said offense being bailable by said justice, he did thereupon order the said accused to find *sufficient bail* in the sum of five (5) hundred dollars, for his appearance at the Court of Special Sessions in said city and county, *to answer* to the complaint preferred against him for said offense.

Now, therefore, the condition of this recognizance is such that, if the above named John shall personally appear at the Court of Special Sessions, to be held at the Halls of Justice in said city and county, on the 16th day of July, 1863, to answer to the complaint preferred against him, for said offense, and abide the order of the said court, and not depart therefrom without leave, then this recognizance to be void; otherwise, to remain in full force.

JOHN RILEY,
THEODORE ALLEN.

Taken and acknowledged before me, }
    the day and year aforesaid, }

JOSEPH DOWLING, *Police Justice.*

*City and County of New York, ss:*

Theodore Allen, the within named bail, being duly sworn says, that he is a householder in said city, and is worth five (5) hundred dollars, over and above the amount of all his debts and liabilities; and that his property consists of stock of liquor store, at No. 79 Mercer street, in said city.

THEODORE ALLEN.

Sworn before me, this }
    8th day of July, 1863, }

JOSEPH DOWLING, *Police Justice.*

(D.)

At a Court of Special Sessions of the peace, holden in and for the city and county of New York, at the Halls of Justice of the said city, on Thursday, the 30th day of July, in the year of our Lord one thousand eight hundred and sixty-three.

*Present*—The Honorable RICHARD KELLY, JAMES H. WELSH and JAMES R. STEERS, Justices of the said Court. Police Justices of the city of New York.

The People of the State of New York ⎱
*v.*           ⎰
John Riley.

On conviction, by the oath of a credible witness, of *petit larceny, goods, &c.,* of John Barnett.

Whereupon it is ordered and adjudged by the court, that the said John Riley, for the misdemeanor aforesaid, whereof he is convicted, be imprisoned in the penitentiary of the city of New York for the term of six months.

(A true extract from the minutes.)

              ROBERT H. JOHNSTON, *Clerk.*

*W. F. Howe,* for the prisoner.

*A. Oakey Hall* (District Attorney), for the People.

I. The prisoner demanded a trial at the Special Sessions according to the provisions of the Revised Statutes, and, therefore, that court had exclusive jurisdiction.

II. The court had a *discretion* to send to the General Sessions the complaint for trial, &c., but it refused so to exercise its discretion.

III. There is no right of appeal when there has been a demand for trial at Special Sessions, and the court properly declined to enter the appeal if demand was made, which does not appear by the return, and only by the petition. (3 *R. S.*, *5th ed., p.* 1009, *p.* 52.)

IV. These provisions, giving the Special Sessions jurisdiction to try without a jury, are salutary, because thereby the higher courts are kept free for more important cases.

1. The Constitution provides for trials of petit larceny without a jury.

2. The statute gives a prisoner the right, however, to demand a trial by jury if he chooses so to do.

3. When he makes his election, it is binding, subject to an after *discretion* of the court.

V. There is nothing in the return or record to show that prisoner below was misled or defrauded of his rights, or

that he made his waiver unduly. Therefore, the judgment of the court below should be affirmed.

*By the Court,* LEONARD, J. The defendant was arrested on a charge of petit larceny, and, on being brought before a magistrate, demanded, in writing, to be tried by the Court of Special Sessions. When arraigned afterwards before that court for trial, he insisted upon being tried by the Court of General Sessions, and refused to plead. The Court of Special Sessions entered a plea of not guilty, and proceeded with the trial; and after hearing the evidence offered by the People, the prisoner still refusing to offer any evidence, or to cross-examine the witnesses who had testified against him, the Court of Special Sessions sentenced the prisoner to the penitentiary for six months. The case is now brought before this court on *certiorari* for review.

Counsel for the defendant insists that he has been deprived of a trial by jury, in violation of the provisions of the Constitution securing to every person the right of trial by jury in all cases in which it has been heretofore used. (*Const. of N. Y.,* § 2.)

Courts of Special Sessions are held, and minor offenses are there tried and judgment rendered without the intervention of a jury.

It is only necessary to refer to the statutes of this State to ascertain that petit larceny, first offense, was triable before the Special Sessions, when the accused demanded such trial, long before the adoption of the present Constitution. (2 *R. L.,* 507, 508.)

While the State of New York was still a colony, petit larceny and other offenses under grand larceny were triable before the justices of the quorum, without a jury. This was the law at the time of the Revolution; and no Constitution of this State has ever interfered with the validity of laws authorizing the trial of offenses of a minor character before the Special Sessions without a jury.

The student is referred, for a more complete history of trials in the Special Sessions without a jury, to the case of *Murphy*

v. *The People* (2 *Cow. R.*, 815), and the opinion of Judge WALWORTH, in the case of *Jackson ex dem. Wood* v. *Wood*, to be found in the same volume, in an extended note to the case of *Murphy.*. The same question was there raised and fully discussed.

The statutes of this State do, however, secure to the accused a trial by jury, unless he demands to be tried before the Court of Special Sessions, or omits, for twenty-four hours, to enter into the proper recognizances to entitle him to be discharged from close custody. (3 *R. S.*, 1008, 1009, §§ 48, 49, 5th ed.) And the right to obtain a jury trial is further secured by statute even at the time of trial and sentence, if the prisoner has not demanded a trial at the Special Sessions. (§ 52.)

It is quite clear from these provisions that the right to appeal or to demand a trial at the General Sessions, is gone when the accused has demanded in writing a trial at the Special Sessions.

The judgment must be affirmed.

SUPREME COURT.   New York General Term, February, 1863.
*Ingraham, Clerke* and *Barnard*, Justices.