## No. 1120.

### THE STATE OF LOUISIANA VS. ZEOLIN TOUCHET.

The accused, under the charge of larceny, having waived the trial by jury, and, after being tried by the Court and found guilty, having obtained a new trial, has the right *then* to change his former election and claim to be tried by the jury.

APPEAL from the Twenty-fifth Judicial District Court, parish of Vermilion. *Clegg*, J.

*J. A. Chargois*, District Attorney, for the State, Appellee.

*F. R. King* for Defendant and Appellant:

First—The right of trial by jury is one accorded by Art. 7 of the Constitution of 1879, and cannot be denied or abridged in any manner, except as therein provided. That said article does not contemplate the trial of an accused person in any other manner than by a jury.

Second—That act number 35 of 1880 is unconstitutional in providing that an accused may waive trial by jury and be tried by the Court.

Third—That the act of 1880, providing for the trial of offenses where the penalty is not neces-sarily imprisonment at hard labor, does not contemplate that an accused person may be tried without a jury, except at terms other than regular jury terms.

Fourth—The right of trial by jury accorded to an accused person, by constitutional law is a personal right, which, when once waived by the accused, may be revoked by him, upon his application for a trial by jury.

Fifth—That where it is shown that a jury is in attendance at court, on the day fixed for trial, and the accused demands trial by jury, he should be entitled to the same, although his application for jury trial may have been filed on a day when there was no jury in attend-ance.

Sixth—That upon the granting of a new trial in criminal matters, the case must be tried *de novo*, and the accused will be allowed to elect whether he be tried by the judge or the jury, notwithstanding he may have made an election previous to the first trial.

The opinion of the Court was delivered by

FENNER, J. Defendant, prosecuted for larceny, on his arraignment, elected to waive trial by jury, was tried by the district judge, and found guilty. On his motion, the judge granted him a new trial, and his case went over to the regular jury term, which opened on June 13th, 1881. On that day, the venire was returned in open court, and the petit jury

was discharged until the 16th. On the 14th, the defendant filed his motion, stating that, on the first trial of his cause, he had elected to be tried without a jury, but that, on the new trial which had been granted him, he elected and prayed to be tried by jury.

On objection by the district attorney, the court fixed the motion for hearing on the 15th, and set the case itself for trial on the 16th, on which day the jury was to be, and presumably was, in attendance.

On hearing of the motion, the judge denied the prayer, on the ground that having once elected to be tried by the judge, and having been so tried, it was not in the power of accused, upon the granting of a new trial, to revoke his election and demand a jury trial.

We think the judge erred. The right of trial by jury, in criminal prosecutions, is a constitutional right always jealously guarded in Anglo-Saxon jurisprudence. This right arises and exists as to every trial—as well as to that which follows upon the granting of a new trial, as to the ordinary original trial. Being about to be tried in a criminal prosecution, the Constitution invests him with the right of jury trial, of which he cannot be deprived except on his voluntary election. His waiver of jury as to the first trial may be presumed to continue as to the new trial, unless timely application be made to revoke the same; but he cannot be deprived of this right of revocation on timely application. The only limitation on his right would be that his application should be timely—that is, made in such season as not substantially to delay or impede the course of justice. In the present case, the trial might have proceeded before a jury on the day when it was tried before the judge, and the application, made prior thereto, was entirely seasonable, and should have been granted.

It is, therefore, ordered that the verdict, judgment and sentence herein be annulled and set aside, and that the case be remanded for a new trial according to law.