# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v* GEORGE COOK, APPELLANT.

*Conviction by a Court of Special Sessions — what objections cannot be first raised on an appeal — sections* 188 *and* 189 *of the Code of Criminal Procedure are only applicable to proceedings prosecuted by indictment — what acts will be deemed a request to be tried by the court — the fact that the crime charged is a first offense need not be alleged in the warrant.*

Upon an appeal from a judgment of a Court of Special Sessions held by the police justice of the city of Rochester, convicting the defendant of petit larceny, it appeared from the return that when the defendant was arraigned the charge was read to him, and that upon his pleading not guilty, and being asked by the court if he was ready for trial, he replied that he was; that the trial was entered upon forthwith, the complainant being sworn as a witness and giving testimony, at the close of which the trial was adjourned at the request of the defendant, to enable him to produce other witnesses; that on the adjourned day he appeared in person and by counsel, and was convicted.

*Held,* that an objection to the sufficiency of the affidavit of the complainant, upon which the warrant was issued, could not be raised on the appeal, as it was not taken at the trial.

That an objection made by his counsel that, under the provisions of sections 188 and 189 of the Code of Criminal Procedure, it was the duty of the police justice to have informed him of his right to the aid of counsel, and to have afforded him an opportunity to procure counsel, should not be sustained.

*It seems* that as the case as it stood before the police justice, was one not to be prosecuted by indictment, the provisions of the said sections were not applicable to it

When the defendant was arraigned the affidavit was not read to him, nor was he informed that he had a right to a trial by jury nor did he elect to be tried by the court, or waive a jury trial.

*Held,* that the action of the defendant, on having the charge read to him, in saying that he was ready for trial, and in failing to demand a trial by jury, was equivalent to a request to be tried by the Court of Special Sessions.

That although Courts of Special Sessions can only try cases of petit larceny charged as a first offense, it is not essential to the jurisdiction of the court that, in a case of petit larceny, the information or the warrant should state that the crime charged was a first offense.

That if such an allegation was material for any purpose the defendant was not injured by its omission, as the provision requiring it was in the interest of the public to prevent criminals guilty of a second offense from escaping the full measure of punishment imposed by the statute, which Courts of Special Sessions have not the power to inflict.

APPEAL from a judgment of the Court of Sessions of Monroe county, affirming a judgment of a Court of Special Sessions, held by the police justice of the city of Rochester, convicting the defendant of the crime of petit larceny.

*Ivan Powers*, for the appellant.

*George A. Benton*, district attorney, for the respondent.

SMITH, P. J. :

The defendant was arrested and brought before the police justice by virtue of a warrant issued by that magistrate upon the affidavit of one Nettie Archer, which alleged that the defendant got and obtained from her the sum of fifteen dollars in money, by representing to her that he was part owner and had an interest in a certain jewelry store on State street, in Rochester, besides being auctioneer in said store, which, deponent averred, upon her information and belief, was not true.

The justice's return shows that when the defendant was arraigned the affidavit was not read to him, nor was he informed that he had a right to a trial by jury, nor did he elect to be tried by the court or waive a jury trial, but the charge was read to him, he pleaded not guilty, and on being asked by the court if he was ready for trial, he replied that he was, and the trial was entered upon forthwith. The complainant was sworn as a witness on behalf of the people and gave her testimony, at the close of which the defendant said he had not all the witnesses he desired, and thereupon the trial was adjourned to the next day, and the defendant then appeared in person and by his attorney.

It is now contended by the defendant's counsel that the affidavit of the complainant was insufficient to authorize the issuing of the warrant, inasmuch as it averred the falsity of the alleged representations upon information and belief only, without stating the source of the information or any fact or circumstances tending to justify the belief. Without considering the question whether the affidavit was insufficient in that respect, we are of the opinion that the objection is not available to the defendant on this appeal, it not appearing to have been made before the trial court. The trial was

entered upon and concluded without objection from the defendant or his counsel that the affidavit was insufficient, and on the trial the defendant, who took the stand as a witness in his own behalf, gave positive testimony which showed that the alleged representations, if made, were untrue. It is true that he also denied making the representations, but the denial merely raised a conflict of testimony upon that point, which was decided adversely to the defendant. So that upon the trial the falsity of the representations was established beyond doubt. In these circumstances we think the appellant should not now be heard to object to the sufficiency of the affidavit in the particular referred to.

The counsel for the appellant refers to sections 188 and 189 of the Code of Criminal Procedure, and claims that it was the duty of the police justice to have informed the defendant of his right to the aid of counsel, and to have afforded him an opportunity to procure counsel, as provided in section 189. The question is raised by the respondent's counsel whether those sections apply to the case. They are found in part IV of the Code, which is entitled " of the proceedings in criminal actions prosecuted by indictment." Part V is entitled " of proceedings in Courts of Special Sessions and Police Courts," and the requirement contained in one of its sections (§ 699) that the charge against the defendant be read to him, seems to have been complied with in this instance. As the offense charged against the defendant was one of which Courts of Special Sessions have exclusive jurisdiction, subject to the power of removal provided for in chapter 1, title 6 of the Code of Criminal Procedure, section 56, the case, as it stood before the police justice, was one not to be prosecuted by indictment, and we are inclined to the opinion that the provisions of sections 188 and 189 were not applicable to it.

We think the action of the defendant, on having the charge read to him, was equivalent to a request to be tried by a Court of Special Sessions. He pleaded not guilty, and on being asked by the court if he was ready for trial, he replied that he was, and the court proceeded to try him forthwith, without objection on his part. The case is distinguishable from *People* v. *Mallon* (39 How., 454); *People* v. *Berberrich* (20 Barb., 224) and *People* v. *Lied* (19 Alb. L. J., 400, 401) cited by the appellant's counsel. In the first case, Mallon demanded to be tried by a jury; in each of the other two

cases the defendant offered bail for his appearance at the Court of Sessions, and in each case the demand or offer was refused. In this case no such offer or demand was made. The Code of Criminal Procedure provides that before the court hears the testimony upon the trial, the defendant may demand a trial by jury (§ 702) and that upon a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the court must proceed to try the issue (§ 701). The defendant not having demanded a trial by jury, the proceedings seem to have been authorized by these provisions.

The appellant's counsel also contends that, irrespective of the questions above considered, the police justice had no authority to try the defendant and the conviction is without jurisdiction and void. His argument is understood to be that jurisdiction to hear and determine charges of petit larceny is given only to Courts of Special Sessions, and not to police courts, and he cites sections 56 of the Code of Criminal Procedure. That section enumerates certain powers of Courts of Special Sessions, and does not mention Police Courts, but by section 265 of the charter of the city of Rochester, the police justice of that city is empowered to hold Courts of Special Sessions for the trial of all offenses triable in a Court of Special Sessions. (Laws of 1880, chap. 14.)

It is also contended that courts of Special Sessions can only try cases of petit larceny, " charged as a first offense." (Code of Crim. Pro., § 56, sub. 1.) We do not understand that it is essential to the jurisdiction of a Court of Special Sessions, in a case of petit larceny, that the information or the warrant should allege that the crime charged is a first offense. If it be a first offense in fact, the court has jurisdiction to try the case, and it is to be deemed a first offense unless the contrary is charged. But if such allegation is material for any purpose, the defendant is not harmed by its omission. The provision requiring such allegation is, in the interest of the public, to prevent criminals guilty of a second offense from escaping the full measure of punishment imposed by statute (Penal Code, § 688), and which courts of Special Sessions have not the power to inflict.

A perusal of the entire record satisfies us that the contention of the appellant's counsel, that the evidence was insufficient to warrant

a conviction, is unfounded.    There is no other question in the case requiring comment.

The judgment should be affirmed.

HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed.