## Court of Sessions—Queens County.

June, 1895.

### PEOPLE v. JACOB MOLINET.

(69 S. R. 204.)

Jury—Waiver.

> The right of defendant, in court of special sessions, to a trial by
> jury continues unaffected and available to him until testimony
> actually is taken upon the trial, notwithstanding his previous alle-
> gation and waiver.

Appeal from a judgment of conviction, in a court of special
sessions, of assault in the third degree.

Clarence Edwards, for appellant.

Daniel Noble, Dist. Atty., for the People.

GARRETSON, J.—The defendant was convicted in a court
of special sessions of the crime of assault in the third degree,
and was sentenced to pay a fine of $20, or, in default of payment,
to be imprisoned in the county jail not exceeding twenty days.
He paid the fine, was released from custody, and has since ap-
pealed from the judgment to this court.

Two grounds of alleged error are assigned why the judgment
should be reversed,—one that the evidence was insufficient to
justify the conviction; and the other that the defendant was
refused a trial by jury after he had seasonably demanded
it. We cannot say, from the return of the police justice, that
the conviction was not right upon the merits of the issue. We
are constrained to say, however, that the defendant was de-
prived of a substantial right by the refusal of his demand for
a jury trial. The return shows that, upon being brought be-
fore the magistrate and arraigned, the defendant pleaded not
guilty, and was asked if he elected to be tried by the court with-
out a jury, to which he replied in the affirmative, and there-
after made a like affirmative answer, both personally and by
counsel, to the question of the court if he "waived his right to a

trial by jury." The case was thereupon adjourned to a later day, when, and before any testimony had been taken, the defendant, by his counsel, demanded a jury trial, which was refused by the court upon the ground that the defendant had on the previous hearing demanded and elected to be tried by the court without a jury, to which ruling the defendant excepted. In a case which courts of special sessions have exclusive jurisdiction to hear and determine in the first instance, when the defendant is brought before the magistrate, the charge must be distinctly read to him, and he must be required to plead thereto. Code Cr. Proc., § 699. This first step in the procedure is had in the court as such, and not before the magistrate, and each succeeding judicial act to conviction and judgment continues to be the act of the court of special sessions. Upon a trial by jury, the court must proceed to try the issue. Id., § 701. No election or waiver, other than a failure to obtain the certificate of removal, is necessary to give the court jurisdiction to try the case. If the defendant demands a trial by jury, the court must summon one. If he fails to make such demand, the court must proceed to try the case. People v. Green, 4 N. Y. Cr. R. 442. The case cited arose since the enactment of the Code of Criminal Procedure. Under the prior statute it was held that the court could not acquire jurisdiction to try a prisoner without a jury for an offense unless it affirmatively appeared, in the proceedings had before the trial, that he expressly waived his right to a trial by jury. People v. Mallon, 39 How. Prac. 454. Such is not the law now. People. v. Green, supra. It is further provided by the Code of Criminal Procedure (section 702) that before the court hears any testimony upon the trial the defendant may demand a trial by jury. If it be now the law (as it undoubtedly is) that no election to be tried without a jury and no waiver of a jury trial is necessary, then such election and waiver are but an idle ceremony, and do not militate against or affect the express right which is afforded to the defendant by section 702 above cited. The magistrate, in his return, refers to the case of People v. Riley, 5 Parker, Cr. R. 401, as an authority sustaining his ruling. The case was decided in 1863, under former statutes, some of which related specially to the

city and county of New York. Title 2 of part 5 of the Code of Criminal Procedure, which relates to proceedings in courts of special sessions in that city and county only, and is not applicable to the other counties of the state, has, however, embodied substantially the form of procedure considered and laid down in the case of People v. Riley, above referred to. We are of the opinion that the right of the defendant in the case at bar to a trial by jury continued unaffected and available to him until testimony actually taken upon the trial, notwithstanding his previous election and waiver; that the refusal of the defendant's demand for a jury trial was a serious prejudice of his substantial right; and that the judgment upon conviction should be reversed.

Judgment reversed.

### NOTE ON "WAIVER OF JURY IN COURT OF SPECIAL SESSIONS."

Constitutional provision as to right of trial by jury, does not apply to petty offenses triable before a court of special sessions. People ex rel. Murray v. Justices, etc., 74 N. Y. 406; People v. Molinet 13 Misc. 301; 69 S. R. 204.

Defendant must demand a trial by jury in special sessions before the court hears any of the testimony upon the trial. People v. Cook, 45 Hun, 37; 9 S. R. 412.

Where special sessions has exclusive jurisdiction, failure to obtain certificate of removal, or to demand trial by jury, gives jurisdiction to try case without jury. People ex rel. Templeman v. Green, 4 N. Y. Cr. 443.

Court may proceed to try case without a jury, unless the defendant demands a jury trial before any testimony is taken. Sections 701, 702 of Criminal Code.

Judgment of conviction, in case tried in special sessions without a jury, need not recite that defendant did not demand a jury. People v. Luczak, 65 S. R. 417; 32 Supp. 219.