## The People of the State of Illinois, Defendant in Er-Error, v. Ralph Standish, Plaintiff in Error.

## Gen. No. 19,691.

JURY, § 32*—*when error to deny leave to withdraw jury waiver.* Where defendant waived a trial by jury before his arraignment and plea, it was error for the court to deny his application for leave to withdraw his jury waiver, which application was also made before arraignment and plea.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Court at the October term, 1913. Reversed and remanded. Opinion filed March 26, 1914.

THOMAS J. O'HARE, for plaintiff in error.

MACLAY HOYNE, for defendant in error; FRANCIS E. HINCLEY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

An information was filed in the Municipal Court of Chicago, in which it was alleged that "Ralph Standish * * * on the 10th day of July, A. D. 1913, at the City of Chicago, * * * did unlawfully steal, take and carry away one box of rubber tire patches, of the value of sixty cents, the personal goods and property of Butler Bros., a corporation." The defendant, Standish, was arrested and brought before the court on July 11, 1913, and it appears from the transcript of the record that on that day the defendant, upon being duly advised by the court as to his right to a trial by jury, elected to waive such a trial and executed a former waiver thereof in writing, and that the court ordered that the trial be set for July 15th, without a jury. It does not appear that on said July 11th the defendant entered any plea to the information. From said transcript it further appears that on said July 15th the defendant was present in court and his attorney was also present, and that, before he had been arraigned and made any plea, the defendant moved that he be allowed to withdraw the jury waiver previously executed by him, which motion was overruled; that thereupon the defendant was arraigned and pleaded not guilty, and a trial was had before the court without a jury; that the court found the defendant "guilty in manner and form as charged in the information herein," and that the court adjudged him to be "guilty of the criminal offense of larceny *of the value* of sixty (60) cents on said finding of guilty," and that the

court further adjudged that he be sentenced to confinement at labor in the House of Correction for two weeks, and that he be further sentenced to pay a fine of ten dollars, and costs of suit taxed at nine dollars, and that in default of payment of said fine and costs he, the defendant, after the expiration of said term of imprisonment, stand committed in said House of Correction until said fine and costs shall have been worked out, etc., or until he shall have been discharged according to law, etc. The defendant by this writ of error seeks to reverse the judgment of the trial court.

The main contention of counsel for defendant is that the finding and judgment is against the law in that the court erred in denying defendant's motion for leave to withdraw his waiver of a trial by jury, which waiver was executed, and which motion for a withdrawal thereof was made, prior to the time of his arraignment and plea.

We are of the opinion that there is merit in the contention. In *Parkinson v. People,* 135 Ill. 401, 402, it is said that the arraignment and plea of the defendant "are essential to the formation of an issue to be tried by a jury. Where there is no issue, there is nothing to be tried." In the present case it appears that the defendant's waiver of a trial by jury was executed on July 11, 1913, before he had been arraigned and had pleaded, and, therefore, before the issue had been made and before there was anything to be tried. It also appears that before arraignment and plea the defendant asked leave to withdraw his said waiver of a trial by jury. The right of a trial by jury in a criminal case is jealously guarded. We think that under the circumstances the court erred in denying defendant's motion and in effect denying a trial by jury to the defendant. *Cain v. State,* 102 Ga. 610; *Butler v. State,* 97 Ga. 404; *State v. Touchet,* 33 La. Ann. 1154.

Counsel for defendant also makes the point that the judgment order is incorrect, but inasmuch as we think

the judgment should be reversed for reasons above stated, it is unnecessary for us to discuss this point. The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*