THE STATE OF CONNECTICUT *vs.* CHARLES G. RANKIN.

First Judicial District, Hartford, January Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

An application by an accused to withdraw an election, previously made by him under § 2 of Chapter 267 of the Public Acts of 1921, to be tried by the court instead of by the jury, is not to be granted as a matter of right, but is rather addressed to the sound discretion of the trial judge, whose ruling thereon will not be disturbed unless it be unreasonable in view of all the circumstances.

In passing upon an application of that nature, the trial judge should take into consideration the inconvenience which may result to the State's Attorney and the court from the delay occasioned by the withdrawal, its effect upon the preparation of the State's case, and the additional public expense.

In the present case, the accused was put to plea on September 17th, at which time he announced his election to be tried by the court, and, at the request of his counsel, the date of trial was set for October 7th, which was within three days of the expiration of the criminal term. On October 3d, after the jury had been discharged for the term, the accused filed an application

The State *v.* Rankin.

to withdraw his election, which the trial court denied. *Held* that the ruling of the trial court was a reasonable exercise of its discretion.

Argued January 9th—decided February 23d, 1925.

INFORMATION for procuring an abortion, brought to the Superior Court in Hartford County and tried to the court, *Booth, J.;* judgment of guilty, and appeal by the accused. *No error.*

*Joseph F. Berry,* for the appellant (the accused).

*Hugh M. Alcorn,* State's Attorney, for the appellee (the State).

WHEELER, C. J.   The information charges the accused with the crime of abortion.   He was bound over to the criminal term of the Superior Court held on September 16th, 1924.   On September 17th, 1924, the accused appeared in court, plead to the information 'not guilty,' and at the same time elected to be tried by the court instead of the jury, pursuant to the provisions of Chapter 267, § 2, of the Public Acts of 1921, which provides: "In all criminal cases, prosecutions and proceedings the party accused may, if he shall so elect when called upon to plead, be tried by the court instead of by the jury; and in such cases the court shall have jurisdiction to hear and try such cause and render judgment and sentence thereon."   For the accommodation of the counsel for the accused, the date of trial was set for October 7th, 1924, the judge then informing counsel that this was the last date at which the trial could be set, as he was assigned elsewhere on the following October 10th, and that on this date the criminal court room would be otherwise occupied.   On October 3d, 1924, counsel for the accused filed in writing a

"Withdrawal of Election to Trial by the Court", and on October 7th, at the opening of court at 10 a. m., he orally argued his motion for withdrawal, basing his reasons upon the grounds that he had the right to a jury trial and did not elect to be tried by the court. No reason was given or cause shown for the withdrawal of the election. The court announced its decision in these words: "I presume the defendant, having elected to be tried by the court, would have the right to withdraw that election and be tried by the jury, if the court approved it. Whether or not his constitutional right to a jury trial is such that he can, at any time, and for no reason at all, withdraw it, I should have my doubts. I should not hesitate about granting the withdrawal in this particular case if we had a jury, but the result of the request to withdraw the election of trial by the court is equivalent to a motion for postponement, and unless there is some other reason shown than has appeared so far, why, I should not grant it." At this time the witnesses for the State were in attendance, but upon counsel for the accused stating that he was not prepared to proceed at that time, the court continued the hearing until 2 p. m., at which hour the trial proceeded and continued into the following day. The accused offered a large number of witnesses in his behalf, all of whom had been previously notified to appear. Before the hearing of the evidence counsel for the accused made objection to all evidence introduced by the State on the ground that the court had no right to proceed with the trial without a jury as prescribed by the United States and State Constitutions, and upon the further ground that the court had no power to convict the accused when he requested that he be tried by a jury and did not elect to be tried by the court.

We think the accused's motion for the correction of

the finding, by striking from paragraph six the clause as to the apparent purpose of the accused in his motion being to secure the continuance of the cause to the next term of court, and by striking from paragraph seven the clause that he suffered no prejudice as a result of the denial of his motion, should have been granted. These corrections do not make a new trial necessary, since we are of the opinion that the ruling made by the court upon the facts found exclusive of these was not erroneous.

The Act under which the accused elected to be tried by the court, and the court heard the cause and rendered judgment thereon, is, with an immaterial change, a copy of Chapter 56 of the Public Acts of 1874, which was declared constitutional in *State* v. *Worden*, 46 Conn. 349. The accused therefore had the right to waive a trial by jury and elect to be tried by the court. *Hallinger* v. *Davis*, 146 U. S. 314, 13 Sup. Ct. 105; *State* v. *Worden, supra.* "The Constitution, in providing that the right of trial by jury should remain inviolate, was designed to perpetuate its essential characteristics, as they existed at common law; preserving its substance, while leaving its form to be regulated from time to time as the legislative power might deem the public interests to require." *State* v. *Main,* 69 Conn. 123, 131, 37 Atl. 80.

The accused had the right to a trial by jury; his election to be tried by the court, when put to plead, was his own voluntary act and a relinquishment of his right to a jury trial at the time when, by the Act, he was called upon to plead. Withdrawal thereafter of his election by the accused could not be had as matter of right. *Hallinger* v. *Davis*, 146 U. S. 314, 13 Sup. Ct. 105; *State* v. *Worden*, 46 Conn. 349; *State* v. *Almy,* 67 N. H. 274, 28 Atl. 372. If the withdrawal could be exercised as one of right, it would follow that it could

be exercised at any time and under any conditions. If the right could be exercised once, it could be repeated an indefinite number of times. Speedy determination of criminal causes is almost as essential as their right determination. The right to elect and then withdraw the election, and repeat this at will, would give the accused the opportunity to postpone the cause indefinitely. The administration of justice in criminal causes requires a rule which does not lead to such a result. The rule that an accused, having made his election under a statute similar to ours, cannot, as matter of right, thereafter withdraw it, has been approved in a number of cases. *McClellan* v. *State,* 118 Ala. 122, 23 So. 732; *Edwards* v. *State,* 45 N. J. L. 419; *Logan* v. *State,* 86 Ga. 266, 12 S. E. 406; *State* v. *Bannock,* 53 Minn. 419, 55 N. W. 558.

The court may permit the withdrawal, in the exercise of its discretion. *Wadkins* v. *State,* 127 Ga. 45, 56 S. E. 74. Such a discretion is a reasonable one in the light of the circumstances. If the application for such withdrawal be made seasonably, that is, so that the withdrawal will not unreasonably delay the cause, or impede justice, or otherwise prejudice the State, the court should permit it; whether the court shall do so is for its sound discretion, and its decision will not be reversed unless the discretion so exercised has been unreasonably exercised. *Cain* v. *State,* 102 Ga. 610, 29 S. E. 426; *Butler* v. *State,* 97 Ga. 404, 23 S. E. 822.

The authorities upon which appellant relies do not, as a rule, support the accused's position. We refer to three of these cases upon which most reliance is placed. *People* v. *Molinet,* 13 Misc. 301, 34 N. Y. Supp. 1114, was decided upon the provisions of the New York criminal code which were unlike the statute under which the appellant demanded the right to withdraw. *People* v. *Standish,* 185 Ill. App. 485, 487, was a clear case of an

abuse of discretion, that is, a failure to exercise a reasonable discretion. The accused had made his election prior to his arraignment, and prior to his arraignment counsel for the accused asked leave to withdraw his election. The court in deciding this point said: "We think that under the circumstances the court erred in denying defendant's motion and in effect denying a trial by jury to the defendant." The motion was seasonably made and no impediment of justice is found in the record as likely to follow the granting of the application. In *State* v. *Touchet,* 33 La. Ann. 1154, it was held that an accused cannot be deprived of his right of revocation on timely application. "The only limitation," says the court, "on his right would be that his application should be timely—that is, made in such season as not substantially to delay or impede the course of justice." The case supports fully the position we have taken.

No facts appear upon this record indicating any ground for the withdrawal of the election of the accused to be tried by the court. The jury had been discharged for the term by the court in reliance upon the election of the accused to be tried by the court, and the cause continued to the last possible date when the trial could be had, when, four days before the date of trial, the accused filed his motion for withdrawal of his election to be tried by the court. In considering such a motion, regard must be given to the time when the motion is made, to the inconvenience caused the State's attorney and the court by the delay, to the effect upon the State's preparation, and to the additional expense caused the State. If a withdrawal can be made at so late a day under such circumstances as were present in this case, it must necessarily cause the State added expense, and added effort in making its preparation, and in all probability be likely to impede justice. The

court has not expressly so found, but it is apparent from the facts as found that there was no reasonable opportunity for summoning a jury and trying the case at the existing term of court, and that the granting of the motion would have necessitated a continuance of the case. Under such circumstances, we cannot hold as matter of law that the court exercised its discretion wrongly; on the contrary, we are of the opinion that its denial of the motion was a reasonable exercise of its discretion.

There is no error.

In this opinion the other judges concurred, except KELLOGG, J., who concurred in the result, but died before the opinion was written.