STATE OF CONNECTICUT *v.* GERALD J. GERARDI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 1-31589

Argued May 11—decided June 19, 1970

*James F. Bingham,* of Stamford, for the appellant (defendant).

*Leo Kivell,* assistant prosecuting attorney, for the appellee (state).

JACOBS, J. The defendant, having been convicted and sentenced on three counts of pool selling (§ 53-295), seeks reversal of the judgment upon two grounds assigned as error: first, that the court erred in denying his motion for a continuance; and second, that the court committed reversible error in denying him the right to a jury trial.

## I

The assignment of error based upon the order denying a continuance challenges the discretion of the trial court and charges that the failure of the trial court to grant a continuance constituted an abuse of discretion.

Where denial of the constitutional right to counsel is asserted, its peculiar sacredness demands that we scrupulously review the record. The record shows the following. The defendant was arrested on November 4, 1967, and was charged in a four-count information with the crime of pool selling in violation of § 53-295 of the General Statutes. On November 20, 1967, the defendant filed with the court an application for the appointment of a public defender in which he declared, under the penalties of perjury, that he was "without money or other means . . . with which to employ an attorney." That application was granted. The public defender was appointed to represent the defendant "through all the proceedings in the case in this court, unless sooner relieved by order of the court." On December 4, 1967, upon a plea of not guilty to the charges alleged in the information, the defendant elected trial by jury. Some eleven months after the defendant

elected to be tried by jury, to wit, on October 24, 1968, the defendant, acting by his attorney, in open court withdrew his election of trial by jury. Upon the defendant's request, the public defender's application for permission to withdraw from further participation in the case was granted for the reason that the defendant desired to engage private counsel.[1] We assume that the application of the public defender for permission to withdraw from the case, made at the request of the defendant, was granted because important interests of the defendant were at stake and there was no material danger that the orderly judicial process would be obstructed or abused. The finding recites that "[this] case was continued, following the arrest of the defendant on November 4, 1967 to November 20, 1967; to December 19, 1967; to June 4, 1968; to June 25, 1968; to October 24, 1968." The case proceeded to trial on October 24, 1968, without the benefit of counsel. The defendant was free on bond at all times from the date of his arrest. Before commencement of trial, the defendant read in open court a prepared statement[2] in which he requested a further continuance to January, 1969. The request was denied upon the ground that "[t]he defendant was unduly delaying the trial of the case by failing to retain counsel."

The sixth amendment to the federal constitution provides that "[i]n all criminal prosecutions, the

[1] No formal ruling on the motion for permission to withdraw appears in the record; consequently, we have no way of knowing the date upon which the ruling was made. See 17 Am. Jur. 2d, Continuance, § 49. The finding recites that "[t]he defendant appeared in court with his attorney, the public defender, requesting the court to discharge him, as he wished to engage private counsel," and "[t]he defendant's request was granted by the court, and the public defender withdrew as defendant's attorney."

[2] Vigilant concern for the maintenance of the constitutional right of an accused to the assistance of counsel has led us to examine the defendant's prepared statement. It was the defendant's claim that he had a "misunderstanding" with the public defender; that

accused shall enjoy the right . . . to have the assistance of counsel for his defence." See Conn. Const. art. I § 8 (1965). Clearly, "[t]he defendant was entitled to a fair opportunity to secure counsel of his own choice"; *MacKenna* v. *Ellis,* 263 F.2d 35, 40; moreover, "his right to be heard through his own counsel was unqualified." *Chandler* v. *Fretag,* 348 U.S. 3, 9. But it does not follow that the denial of a further continuance to enable the defendant to secure counsel nearly a year after his arrest violates due process where to grant it would be disruptive of the court's business or unduly delay the trial. See *United States* v. *Mitchell,* 138 F.2d 831, cert. denied, 321 U.S. 794. "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." *Ungar* v. *Sarafite,* 376 U.S. 575, 589. "A defendant has no natural or inalienable right to a continuance. An application for it is addressed to the sound discretion of the court, and, unless there has been an abuse of discretion, the ruling of the trial judge will not be disturbed by an appellate tribunal . . . . Generally, the question in such cases is the time which the defendant himself has been allowed, and not whether the time between the date an attorney

---

he actually did consult private counsel and paid him a partial retainer, but "he [private counsel] failed to file a court appearance . . . because I did not have all the fees." It does not appear from the prepared statement that the defendant did not have a fair opportunity to engage private counsel; the basis of his request for a further continuance was that he did not make satisfactory financial arrangements with private counsel. A defendant cannot depend on courts regularly to postpone his case on eve of the time set for trial merely because he was unable to make satisfactory financial arrangements for payment of attorney's fees; see *Harms* v. *Simkin,* 322 S.W.2d 930 (Mo. App.); if the rule were otherwise, continuances might be sought indefinitely merely to delay the administration of justice and would be disruptive of the court's business.

is engaged by the accused and the date set for trial is sufficient. Otherwise all that a defendant would have to do in order to secure unending delay would be to change counsel on the eve of the trial." *Commonwealth* v. *Meyers,* 290 Pa. 573, 577, 578; see 5 Wharton, Criminal Law and Procedure § 1930. "A defendant cannot expect to be obstructive himself and then rely upon his obstructionist tactics as a reason for the court's action." *Glenn* v. *United States,* 303 F.2d 536, 543; see 17 C.J.S., Continuances, § 23. "[Gerardi] could not defer his trial indefinitely on the claim that he was going to engage private counsel and, without any credible explanation, fail to take any effective steps to procure private counsel." *Nash* v. *Reincke,* 156 Conn. 339, 343; note, 66 A.L.R.2d 298, 307.

Considering all the facts and circumstances as disclosed by the record, we can find no basis for the defendant's claim that his conviction was so tainted with unfairness as to amount to a denial of due process.

## II

The defendant's second contention is that "[t]he jury waiver was improper and in violation of the defendant's constitutional rights."

Section 54-82 of the General Statutes in pertinent part provides: "In any criminal case, prosecution or proceeding, the party accused may, if he so elects when called upon to plead, be tried by the court instead of by the jury; and, in such case, the court shall have jurisdiction to hear and try such case and render judgment and sentence thereon." "Upon the question of the right of one charged with crime to waive a trial by jury, and elect to be tried by the court, when there is a positive legislative enactment, giving the right so to do, and conferring power on the court to try the accused in such a case, there are

numerous decisions by state courts, upholding the validity of such proceeding." *Hallinger* v. *Davis,* 146 U.S. 314, 318; see *State* v. *Rankin,* 102 Conn. 46.

The defendant had the right to trial by jury; he initially elected to be tried by jury when put to plea. The withdrawal of the case from the jury and his election to be tried by the court were his own voluntary act and a relinquishment of his right to a jury trial. "Withdrawal thereafter of his election by the accused could not be had as matter of right." *State* v. *Rankin,* supra, 49. "The right to elect and then withdraw the election, and repeat this at will, would give the accused the opportunity to postpone the cause indefinitely." Id., 50; see note, 46 A.L.R.2d 919.

We conclude there is nothing in the present record to enable this court to perceive that any of the rights of the defendant have been infringed.

There is no error.

In this opinion CASALE and KINMONTH, Js., concurred.