The defendant was arrested late in November, 1973, for failing to obey an order to demolish a certain structure issued to him by a building official of the city of New Haven pursuant to 124 of the Basic Building Code of the state of Connecticut, hereinafter the code.[1] On December 10, 1973, the defendant, appearing pro se, pleaded not guilty to an information charging him with one count of failure to demolish an unsafe structure on or about November 19, 1973. On December 26, 1973, that plea was vacated and the prosecutor, with permission of the court, filed a substituted information charging thirty-eight counts of failure to demolish an unsafe building for thirty eight consecutive days. Each day of violation constituted a separate offense under 18-38 of the ordinances of the city of New Haven. After the prosecutor filed the substituted information the court told the defendant, who was still appearing pro se, that it would grant a reasonable continuance in order for the defendant to consult with an attorney or research the matter. The defendant, without objection or exception, elected to be put to plea and pleaded not guilty to each count. After being informed of his right to a trial by jury, the defendant also elected to be tried to the court. The defendant stated that he wished to go to *Page 737 
trial on that day. The court advised the defendant to seek the advice of counsel and strongly urged him to retain an attorney in view of the substituted information and pleas. The court continued the matter to January 9, 1974, for that purpose.
On January 10, 1974, the defendant filed a motion for a jury trial and a motion to dismiss. Those motions were assigned for a hearing on January 17, 1974, and both motions were denied on the grounds that the defendant failed to appear and that the motions were not filed seasonably. The record indicates, however, that the defendant appeared later in the afternoon. On January 18, 1974, the case proceeded to trial with the defendant representing himself. The presentation of evidence was completed on January 22, 1974, at which point the court allowed time for the submission of briefs. On January 23, 1974, an attorney filed an appearance for the defendant and moved to make certain offers of proof and to have certain documents marked for identification. That motion was denied.
The defendant was found guilty on all thirty-eight counts and judgment was rendered accordingly. The defendant has appealed to this court. The defendant's principal claims[2] on this appeal are that the court erred in admitting certain testimony, in denying his motion for a jury trial, in failing to grant an oral motion to dismiss, and in refusing to permit counsel to mark documents for identification after the presentation of evidence had concluded. The defendant has conceded that if he does not prevail on the first claim, namely, that certain testimony was erroneously admitted, his assignments of error attacking the sufficiency of the evidence to support his conviction must fail. *Page 738 
The defendant claims that the court erred in admitting the testimony of Walter Krawl, an assistant building inspector of the city of New Haven, who testified that the building in question was structurally damaged in excess of 50 percent. The basis of the defendant's claim is that there was an insufficient foundation laid for the admission of that testimony in that no evidence was introduced to establish Krawl's qualifications as an expert. The defendant maintains that the state had to establish Krawl's qualifications as an assistant building inspector as set out in 107.6 of the code. The provisions of 107.6, however, were irrelevant for the purpose of laying an evidentiary foundation for the admission of Krawl's testimony since that section deals exclusively with the requirements for the appointment of assistant building inspectors.
The record reveals that Krawl's qualifications were sufficiently established by the state. The witness testified that he had been employed as an assistant building inspector by the city of New Haven for seven and one-half years, that he was familiar with the code and that he followed its provisions in his occupation. Further, he described his duties which included inspecting all buildings "within the jurisdiction of my area within the city limits of New Haven . . . for violations that are submitted to our office."
"The determination of the qualifications of an expert witness lies in the discretion of the trial court." State v. Smith, 157 Conn. 351, 356; 2 Wigmore, Evidence (3d Ed.) 561. Once reasonable qualifications are established, as was clearly done in this case, any objection goes to the weight rather than the admissibility of the evidence. Oborski v. New Haven Gas Co., 151 Conn. 274, 280; Wray v. Fairfield Amusement Co., 126 Conn. 221, 224. We cannot say that the trial court abused its discretion *Page 739 
in allowing Krawl to testify as an expert, especially in light of Krawl's further testimony on cross-examination that he had twenty-eight years of experience in the construction field.
Several of the defendant's claims are addressed to the trial court's denial of certain motions and its refusal to allow counsel to mark certain documents for identification after both sides had rested. Our review of those actions is limited since they were within the court's exercise of its discretion and cannot be overturned unless there has been a clear abuse of that discretion "to the manifest injury of a litigant." Wooster v. Wm. C. A. Fischer Plumbing Heating Co., 153 Conn. 700, 702.
The defendant claims that the court erred in denying his motion for a jury trial. On December 26, 1973, the defendant elected to be tried to the court and indicated that he was ready to proceed at that time. The trial was continued only to allow the defendant to consult with and to retain counsel. When the defendant's motion for a jury trial was scheduled for argument, the state was prepared to go forward with the trial.
Section 54-82 of the General Statutes makes provision for an accused in any criminal case, proceeding, or prosecution to elect, when called upon to plead, to be tried by the court instead of by a jury as guaranteed by article first, 8 of the Connecticut constitution and by 51-164d of the General Statutes. Accordingly, the defendant had the right to waive a trial by jury and to elect to be tried by the court.
An election to be tried by the court is a voluntary act which amounts to a relinquishment of the right to a jury trial. State v. Rankin,102 Conn. 46, 49. Withdrawal of an election to be tried by the court is not a matter of right; Hallinger v. Davis, 146 U.S. 314; State v. Worden, 46 Conn. 349; but it may *Page 740 
be permitted by the court in the exercise of its discretion. State v. Rankin, supra, 50. "If the application for such withdrawal be made seasonably, that is, so that the withdrawal will not unreasonably delay the cause, or impede justice, or otherwise prejudice the State, the court should permit it; whether the court shall do so is for its sound discretion. . . ." Ibid.
The trial court based its denial of the defendant's motion on the grounds that the defendant had failed to appear and that the motion was not filed within a reasonable time. It was within the court's discretion to deny the motion on those grounds since the state was ready to proceed to trial, since the withdrawal could have unreasonably delayed the cause, and since no reason was given in the defendant's motion for his change of election.
The defendant also claims that the trial court erred in failing to grant his oral motion to dismiss which was based on the contention that the defendant could not be found guilty because he was not the owner of the building in question. Section 18-38 of the ordinances of the city of New Haven provides, in relevant part, that: "Any person who shall violate a provision of the state building code or who shall fail to comply with any of the requirements thereof . . . shall be punishable by a fine of not more than one hundred dollars ($100.00)." (Emphasis added.) The defendant refused to comply with an order to demolish an unsafe structure issued to him by a building official pursuant to 124.3 of the code.[3] Subsequently, the defendant was served *Page 741 
with notice of a violation of the building code for his failure to comply with the order of a building official. Under 122 of the code,[4]the building official of the city of New Haven had authority to institute legal proceedings against the defendant.
The record is replete with facts showing that the defendant considered himself as having accepted "the responsibility for whatever situation may arise with the building" because he was principal of the fund which owned the building. The finding reveals that the city of New Haven sent a notice to the defendant on October 9, 1973, to demolish a building and that on October 10, 1973, the defendant sent a letter to the city objecting to the condemnation order. During the course of the trial the defendant did not raise the issue of nonownership and raises that issue for the first time on appeal. The accused submitted himself to the jurisdiction of the court. State v. Licari, 153 Conn. 127, 130. The defendant's motion to dismiss was properly denied.
Finally, the defendant claims that the court erred in refusing to allow defense counsel to make certain offers of proof and to mark certain documents for identification. Throughout the proceedings the trial court advised the defendant to consult with and to retain an attorney or to make an application for appointment of counsel. The defendant knowingly and intelligently waived his right to counsel on those occasions. After both sides rested, the defendant requested an opportunity to file a brief and the court continued the matter to the following day for that purpose. On the next day the defendant appeared without a brief but with an attorney who proceeded *Page 742 
to make a variety of motions and offers of proof in an attempt to rectify some of the errors made by the defendant in representing himself.
Ordinarily, a court has no discretion to refuse to permit documents to be marked as exhibits for identification. Duncan v. McTiernan, 151 Conn. 469,470. The trial court, however, acted within the bounds of its discretion in refusing to allow counsel, in effect, to reopen the defendant's case. The trial had been completed on the previous day. The defendant's attorney attempted to have the documents identified in an effort to establish a foundation for the admission of the documents which never had been laid at the trial.
 There is no error.
In this opinion D. SHEA, J., concurred.