[Crim. No. 1911. First Appellate District, Division Two.—October 6, 1936.]

THE PEOPLE, Respondent, v. FRANK HOOPER, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was charged with the possession of narcotics and with four prior felony convictions. He entered a plea of not guilty to the charge of possession of narcotics but admitted the prior convictions. A jury trial

was waived in open court by defendant and his counsel and, upon a trial before the court, he was found guilty. He appeals from the judgment of conviction and the order denying his motion for a new trial.

Appellant has failed to set forth any headings in his brief stating specifically the points relied upon for a reversal. The only headings found therein are "Statements of Facts" and "The Evidence". Such headings furnish no assistance to the court or opposing counsel in determining the points to be discussed. This being an appeal in a criminal case, we have endeavored to ascertain appellant's points as best we can from the body of the brief, but have found some difficulty in so doing.

There appears to be no question concerning the sufficiency of the evidence to sustain the conviction. Appellant and one Ernie Smith were standing on a sidewalk when a police car approached and stopped. The officers called the two men over to the car. Smith walked directly to the car but appellant walked around behind the car and, as he did so, one of the officers saw him throw a white object on the street. The officers jumped out of the car and found a capsule of morphine on the street in back of the car. When searched, appellant stated, "That is the only one I have, I have it for my asthma." He admitted being a user but denied being a peddler. As appears above, he was merely charged with possession and was found guilty of that offense. There were some conflicts in the evidence but the foregoing evidence was clearly sufficient to show that appellant was guilty of the offense charged.

Appellant apparently contends that the trial court erred in denying his request to withdraw his waiver of a jury trial. This contention is without merit. The record shows that appellant and his counsel had both waived a jury trial prior to the day on which the trial began and did so again on the first day on which the cause was tried. The evidence was thereafter fully presented and the cause was continued solely for argument. When called again, appellant's present counsel was substituted. Two days later appellant's present counsel asked leave to present additional testimony and this leave was granted. The cause was continued one week when evidence was taken

and the cause was then continued for another twelve days. At that late date, appellant's present counsel first moved the trial court to set aside the waiver of a jury trial. The motion was denied. There was no error in this ruling. Appellant was not entitled to have the motion granted as a matter of right and the trial court certainly did not abuse its discretion in denying said motion at a time when all the evidence had been submitted. It would seriously interfere with the orderly conduct of the business of the court if the accused could waive a jury trial and later, near the close of the trial by the court, could demand that the waiver be set aside without giving any good and sufficient reason for such action.

Appellant seems to further complain of a stipulation made by his original counsel during the trial to the effect that the capsule in question contained morphine of a content of more than a quarter of a grain to the avoirdupois ounce. We do not understand the basis of appellant's complaint. Parties to criminal as well as civil actions may dispense with the proof of facts through stipulation of counsel. (*People* v. *Nolan,* 33 Cal. App. 493 [165 Pac. 715]; 23 Cal. Jur. 816.) A clear stipulation was made by appellant's counsel and appellant has made no claim that said stipulation was not wholly in accord with the fact.

Appellant also complains of the failure of the trial judge to disqualify himself from hearing the motion for a new trial. In the brief, it is stated that as the trial judge had tried the case without a jury and had formed an opinion as to the guilt of appellant as evidenced by his finding appellant guilty, appellant therefore filed his application to disqualify the trial judge from hearing his motion for a new trial. This was the sole ground stated for disqualification and the trial judge denied the motion. We doubt whether the application could be made at the time that it was interposed (sec. 170, Code Civ. Proc.; *People* v. *Berman,* 117 Cal. App. 334 [4 Pac. (2d) 226], but assuming that it could, we find no error in the ruling. Appellant seems to take the position that any trial judge who tries a case without a jury is automatically disqualified from passing upon a motion for a new trial as such judge has formed an opinion on the merits of the case. The mere

statement of the proposition seems to be a sufficient answer thereto and particularly in the light of section 661 of the Code of Civil Procedure which requires that ''The motion for a new trial shall be heard and determined by the judge who presided at the trial; . . . '' ▮ Appellant seems to further claim that it was error for the trial judge to rule upon the application for his own disqualification. This would be true ordinarily whenever an application is filed ''setting forth the fact or facts constituting the ground of the disqualification of such judge'' and such judge files his answer thereto. (Code Civ. Proc., sec. 170.) But there were no facts set forth in the application in the present case sufficient to show any ground for disqualification of the trial judge and there was no issue of fact to be determined. Said application was based entirely upon a misconception of the law relating to the right of the trial judge who had presided at the trial to pass upon the motion for a new trial. It was a frivolous application which presented only an issue of law as to its sufficiency and the trial judge could properly rule thereon. In our opinion it is only where an appropriate issue of fact is raised concerning the disqualification of the trial judge, that he is prevented from passing ''upon the question of his own disqualification'' under the above-mentioned section.

The judgment and order denying a new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 2, 1936.