ROY STALEY et al. v. STATE.

No. A-9282. Nov. 25, 1938.

(84 P. 2d 813.)

228

W. C. Henneberry and Ed Crossland, both of Tulsa, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., and Holly L. Anderson, Co. Atty., of Tulsa, for the State.

PER CURIAM. On rehearing, the petition for rehearing of defendants is sustained, and the law and facts reconsidered.

The defendants were charged with opening and conducting gambling games in Tulsa county, Okla., on the 3d day of September, 1935; were tried, convicted, and each defendant sentenced to pay a fine of $1,000 and serve a sentence of five years in the penitentiary, and have appealed.

The defendants have assigned 18 errors alleged to have been committed by the trial court. The view we take of this record it is only deemed necessary to consider assignments 6th and 7th, which are as follows:

"6. For the reason that the court erred in refusing the plaintiffs in error's motion to withdraw the waiver of jury entered at a former term of court; and, in overruling their demand for a trial by jury.

"7. For the reason that the court erred in denying these plaintiffs in error a postponement of the trial for one week."

Under these assignments of error it is contended that the court erred in refusing to permit the defendants to have a jury trial, and the trying of the defendants without impaneling of a jury, and denying the defendants a postponement of one week.

In order to properly consider this case it is necessary to recite the action of the courts leading up to the trial of the case. The defendants were jointly informed against on the 29th day of December, 1935; they were arraigned on the 3rd day of January, 1936, and entered their pleas of not guilty. On the 21st day of February, 1936, the case was by order of the court set for March 11, 1936. It was then stricken from the assignment on several occasions and finally set for trial on the 2d day of May, 1936.

On this date it appears from the record an agreement was entered into in open court by the state, who was represented by the county attorney and an Assistant Attorney General, and the defendants in person, and by their counsel, whereupon each of the defendants, in consideration of a continuance of said case until September 15, 1936, agreed to waive their right of severance; and also waive their right to trial by jury, and agreed their case might be tried by the court without intervention of a jury. On the 10th day of September, 1936, the case was set for trial on the 23d day of September, 1936.

It is further shown by the record that on the 22d day of September, 1936, counsel who had represented the defendants from the date they were first arraigned up until the 22nd day of September, 1936, one day prior to the day the case was assigned for trial, were permitted to withdraw as counsel for the defendants. On the 23rd day of September, 1936, an order was entered setting the case for trial on the following day, September 24, 1936.

The record further shows that when counsel that had heretofore represented defendants withdrew on the 22d of September, 1936, it became necessary for the defendants to locate and employ other counsel to defend them. On September 24, 1936, the counsel employed by the defendants appeared in open court, and the defendants were permitted to withdraw their former pleas of not guilty, and counsel filed a demurrer to the information, which was by the trial court then presiding overruled.

Up until September 22, 1936, the day that original counsel withdrew from the case, the orders entered in the case, and the alleged agreement to waive the jury and to try the same by the court was entered by Bradford J. Williams, one of the district judges of Tulsa county, Okla.

The said order of Judge Williams being entered on May 11, 1936, setting the case for trial on Tuesday, September 15, 1936. This is the last order, as shown by the record, that was entered by Judge Bradford J. Williams in the case.

The next order as shown by the record was entered by Judge Leslie Webb, on September 10, 1936, setting the case for trial September 23, 1936. This was the first order entered by Judge Leslie Webb.

The record further shows that on September 22, 1936, the county attorney was permitted by an order of Judge Leslie Webb, to endorse several witnesses on the information, the 22d day of September, 1936, being one day before

the case was assigned for trial, and the same day that Moss, Young & Yeager, who had been the attorneys for all of the defendants from the time the case was called in court up to the said 22d day of September, 1936, were permitted to withdraw from the case, leaving the defendants on the 22d day of September, 1936, without an attorney to defend them. On September 23, 1936, the record shows the case was passed to September 24, 1936, by order of Judge Leslie Webb.

It is further shown that on September 24, 1936, the defendants appeared in open court and were by the court permitted to withdraw their former plea of not guilty, and file a demurrer to the information, which demurrer was by the court overruled, exceptions saved, and the defendants then entered their pleas of not guilty.

The defendants then filed a motion to withdraw their waiver of trial by jury, and requested a jury trial, which motion was by the court overruled, exceptions saved, and the court overruled the request of the defendants for a postponement of the case for a week. Defendants excepted, and the court proceeded to the trial of the case, after the defendants had been denied a trial by jury, and denied a continuance for one week.

The orders of the court denying the motion to withdraw the waiver of trial by jury, and the demand for a jury trial, and continuance for one week, omitting the captions and signatures, are in words and figures as follows.

"This cause coming on regularly for trial on the 24th day of September, 1936, one of the regular judicial days of the July, 1936, term of the district court of Tulsa county, Oklahoma, and the defendants, Roy Staley, George L. McCullough, A. C. Vandeventer and Cecil Byrd, and each of them having filed a motion for a postponement of the trial of this case for one week, the court being fully advised overruled the motion of these defendants and each of them

for a postponement of the trial of the case for one week, to which overruling of said motion the defendants and each of them then and there excepted, which exceptions were allowed by the court."

"This cause coming on regularly to be heard, on this, the 24th day of September, 1936, one of the regular judicial days of the July, 1936, term of the district court of Tulsa county, Oklahoma, upon the motion of the defendants, Roy Staley, George L. McCullough, A. C. Vandeventer, and Cecil Byrd, and each of them to withdraw waiver of trial by jury and be granted a jury trial, the court after being fully advised, notwithstanding the fact that a jury is now in regular attendance upon this court, overrules the said motion of the said defendants and each of them, overrules the motion to withdraw the waiver of trial by jury, and refuses to grant the defendants or either of them a trial by jury, to which ruling of the court, the defendants and each of them then and there excepted, which exceptions were by the court allowed."

The defendants argue at length that as disclosed by the record the court abused its discretion in not permitting them to have a jury trial; and, also, that the court abused its discretion in denying the defendants a postponement of one week. The record shows that at the time the case was called for trial the attorneys representing the defendants had been employed for a little more than 24 hours, and on the 22nd day of September, 1936, the lawyers that had been representing them had been permitted to withdraw, and the court had granted the application of the county attorney permitting him to endorse several witnesses on the information to be used on behalf of the state.

It will also be noted that Judge Webb, a district judge who presided over division No. 1 of Tulsa county, had on a prior occasion sat as a trial judge in the trial of one of these defendants on a charge of murder, in which case many of the facts brought out in the trial of Cecil Byrd were brought out in the trial of these defendants without the intervention of a jury.

The question to be decided is: Did the court abuse its discretion in refusing to postpone the trial of the defendants for a week in order to give the attorneys defending them at the time the case was called for trial an opportunity to examine the witnesses, and especially those witnesses who had been ordered by the court to be placed on the information on September 22, 1936, less than 48 hours prior to the time the case was called for trial?

Parties charged with crime are entitled to have a reasonable time to prepare their case for trial, and when as disclosed by the record in this case counsel who had been representing them withdrew 48 hours before the case was called for trial, the defendants were entitled to a postponement of the case for a reasonable time in order to secure an attorney, and to give the attorney an opportunity to examine the witnesses and inquire into the facts, and be prepared to properly defend the defendants when the trial began.

The record shows that the first order entered in this case was entered in the division of Judge Bradford Williams, and later when the case was called for trial it was taken up in the court of Judge Webb, who had presided in the trial of Cecil Byrd on a trial for murder, Cecil Byrd being one of the defendants in this case.

On September 24, 1936, the day the case was called for trial, and preceding the trial the court permitted the said defendants to withdraw their former pleas of not guilty, and to file a demurrer to the information; which demurrer was by the court overruled, and exceptions by each of the defendants reserved. The order does not make any special reservation but is a general order permitting the defendants to withdraw their former plea of not guilty and file their demurrer. The order of the court, omitting the caption and signature, is as follows:

"This cause coming on regularly for trial on this the 24th day of September, 1936, one of the judicial days of the

July, 1936, term of the district court of Tulsa county, Oklahoma, the defendants, Roy Staley, George L. McCullough, A. C. Vandeventer and Cecil Byrd, and each of them, having been given leave to withdraw their plea of not guilty and file their demurrers to the information herein. The said demurrers having been filed and considered by the court, and the court being fully advised do hereby overrule the demurrers to the information herein; to which order and ruling of the court, the defendants, and each of them then and there excepted, which exceptions was by the court allowed."

The defendants in presenting their argument urge when the court permitted them to withdraw their pleas of not guilty without imposing any limitation or restrictions upon the defendants they were in the same position as though no pleas had been entered. The order of the court clearly shows that when the defendants were permitted to withdraw their pleas of not guilty and file their demurrers to the information, the court did not place upon the defendants any limitation or restrictions.

In Gibbons v. Territory, 5 Okla. Cr. 212, 115 P. 129, the court in the body of the opinion, in discussing what had gone before prior to the calling of the cases for trial, stated:

"On the first trial of this case the appellant raised no objection to the sufficiency or regularity of the indictment. On the second trial, however, he was given permission to withdraw his plea of not guilty and file a motion to set aside the indictment. When the court permitted the appellant to withdraw his plea of not guilty, he then stood in the same attitude as if no plea had been entered, and the motion to set aside was in time."

In 16 C.J. 400, paragraph 733, it is stated:

"The withdrawal of a plea does not affect the arraignment, the accused merely stands in the same attitude as if no plea had been entered, and a new plea, if offered by him, must be received if sufficient. For the purpose of pleading anew defendant is entitled to such time as the court in its discretion may seem just."

In Jenkins v. State, 11 Okla. Cr. 168, 145 P. 500, in the fourth paragraph of the syllabus the court said:

"When a person charged with crime is arraigned and enters a plea of not guilty, the court, in its discretion, may allow the plea to be withdrawn in order to grant the accused an opportunity to file a plea to the jurisdiction of the court or attack the information by demurrer."

In People v. Monaghan, 102 Cal. 229, 36 P. 511, in discussing the question of pleas, in the body of the opinion the court said [page 512]:

"It is said that, as the plea of not guilty was withdrawn to enable the defendant to demur to the indictment, it was naturally understood that when the defendant had had the benefit of his demurrer, and that had proven unavailing, the plea of not guilty would then stand as the defendant's plea." Further in the opinion, the court said: "It is not claimed that any such understanding was expressed at the time by any one, but it is claimed that such understanding naturally results from the situation. But, unfortunately for this argument, the record conclusively rebuts such presumption, if it could otherwise have been indulged, for it shows that, upon the overruling of the demurrer time was given to defendant to plead."

In State ex rel. Warner et al. v. Fullerton, Judge, 76 Okla. 35, 183 P. 979, 980, Chief Justice Owen says:

"Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights. All are interested in the integrity, independence and impartiality of the judiciary, the most important and powerful branch of our government. Judges presiding over the courts should be unbiased, impartial and disinterested in the subject-matter in litigation, and it is of the utmost importance that all doubt or suspicion to the contrary be jealously guarded against, and, if possible, completely eliminated, to the end that we may maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state."

In Fisk v. Venable, 61 Okla. Cr. 360, 68 P. 2d 425, the duties of the courts to litigants are fully discussed by Judge Doyle, who wrote the opinion, in which opinion Judge Doyle cited with approval the quotation in State ex rel. Warner et. al. v. Fullerton, supra.

In Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758-803, the court stated:

"Under the declaration of article 2, § 6, Bill of Rights, Okla. St. Ann. Const. art. 2, § 6, that 'Right and justice may be administered without sale, denial, delay, or prejudice,' as well as by the unwritten dictates of natural justice, the courts of this state are commanded to administer justice without prejudice."

In People v. Klein, 139 Misc. 353, 248 N.Y.S. 478, the court stated:

"On withdrawal by accused of plea of guilty with court's consent, case stands as if no such plea had ever been entered."

The state in support of its contention that the defendants were not entitled to a trial by jury cites 35 C.J. 22, section 140, which in part reads as follows:

"In cases where a jury trial may be waived in a criminal case, a waiver once voluntarily made cannot afterwards be withdrawn on the trial except in the discretion of the court. Nor can defendant, after conviction, insist that he had no right to consent to such waiver. This rule applies, however, only to the particular trial at which the waiver is made, and on a new trial the waiver made may be withdrawn and a jury trial demanded, provided the application therefor is seasonably made."

The state urges that these defendants could not withdraw their waiver, excepting in the discretion of the court, citing Logan v. State, 86 Ga. 266, 12 S.E. 406, and several other cases, but an examination and study of each of these cases clearly shows that where the record discloses the court had permitted the defendants to withdraw their plea of not guilty, for the purpose of raising the question of

the sufficiency of the information, that it was in the discretion of the court as to whether or not he should permit the defendants to withdraw their plea of not guilty for the purpose of filing a demurrer or motion to the information. The state does not cite any decision of Oklahoma courts sustaining its position, that when the defendants were permitted by the trial court to withdraw their former pleas of not guilty and file a demurrer to the information that the case when the demurrer was overruled and plea of not guilty entered the waiver made prior to that time was binding on the defendants. The state cites no authority sustaining its contention where the record discloses that the former plea of not guilty was permitted to be withdrawn by the court, and the demurrer filed without any restrictions.

This court has strictly adhered to its holding in the case of Gibbons v. Territory, supra, wherein the court said:

"When the [trial] court permitted appellant to withdraw his plea of not guilty, he then stood in the same attitude as if no plea had been entered, and the motion to set aside was in time."

When the trial court granted the defendants permission to withdraw their pleas of not guilty and file a demurrer neither the defendant nor the state could tell what disposition the court would make of the demurrer. When the demurrer was overruled there was no issue to be tried by the jury, and could be none until pleas of not guilty were entered.

When the demurrer was overruled and exceptions reserved, and the defendants entered their pleas of not guilty, any action or agreement entered into before another trial court with reference to waiving a jury was a nullity and was not binding upon the defendants.

The record further shows that the defendants, after their demurrer was overruled and they had entered their

pleas of not guilty, demanded a trial by jury, that a regular panel of jurors were in attendance on the court at the time.

Section 19, art. 2, of the Bill of Rights, Okla. St. Ann. Const. art. 2, § 19, in part reads as follows:

"The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in the courts of record, other than the county courts, shall consist of twelve men."

It is clear from the record that when the demurrer of the defendants was overruled, and they entered their pleas of not guilty and asked for a jury trial, which was denied by the court, that the action of the court in refusing the defendants a jury trial was an abuse of discretion and deprived the defendants of a fair and impartial trial as guaranteed to them by the Constitution and the laws of this state.

The defendants in their argument insist that the court committed reversible error in refusing to grant them a postponement of a week in order that their attorneys could properly prepare their case for trial, and invite the attention of the court to the fact that the attorneys that had been representing them while the case was pending before Judge Williams, and until the 22nd day of September, 1936, were permitted by the court to withdraw from the case, and it then became necessary for the defendants to secure other counsel, which they did, and the counsel representing them then came into court and asked for a postponement of the trial for a week in order to enable them to prepare properly to defend the defendants; which request was by the court refused, and defendants excepted.

The record shows that only one day prior to the day the case was set for trial the county attorney was granted permission to endorse the names of several witnesses on

the information, and counsel for the defendants had not had time to make any preparation for trial, or to consult the witnesses and investigate the character of the witnesses added to the list on September 22, 1936.

The request of the defendants under the facts disclosed by the record in this case was not unreasonable, and the refusal of the court to grant the request was an abuse of discretion.

The view this court takes of this case it is not deemed necessary to discuss the other errors assigned.

For the reasons stated, the case is reversed as to each of the defendants, with directions to grant them a new trial in accordance with this opinion.

DAVENPORT, P. J., and DOYLE, J., concur. BAREFOOT, J., dissents.