11 So.2d 701

STATE v. WILLIAMS.

No. 36931.

Dec. 30, 1942.

Cyril F. Dumaine, of New Orleans, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and J. Bernard Cocke, Dist. Atty., and George J. Gulotta, Asst. Dist. Atty., both of New Orleans, for the State.

O'NIELL, Chief Justice.

The defendant was prosecuted under a bill of information charging, in the first count, that he had stolen four automobile tires worth $58, and, in the second count, that he had had the stolen tires in his possession under circumstances which indicated that he knew or had good reason to believe that they had been stolen. The charges were brought under the provisions of articles 67 and 69, respectively, of the Louisiana Criminal Code. The penalty under either article is a fine and imprisonment with or without hard labor for a term not exceeding two years. Such cases are triable by a jury of five, unless the defendant sees fit to waive his right to a trial by jury, in which event he must be tried by the judge alone.

In this case the crime was alleged to have been committed on August 23, 1942. The bill of information was filed on September 10th. The defendant was brought into court and arraigned on October 1st, and pleaded not guilty, at which time he was not represented by an attorney. The judge explained to him that he had the right to elect whether to be tried by the judge or by a jury; and he elected to be tried by the judge. The judge then asked him if he had an attorney and he replied "that Mr. Cyril F. Dumaine would be his lawyer". Whereupon the judge instructed the minute clerk to enter the name of Mr. Dumaine on the record as attorney for the defendant; and the minute clerk did so. The case was set for trial for October 8th. The record shows that the attorney, Dumaine, was served on October 6th with the notice that the case was set for trial for October 8th; and it was admitted during the argument in this court that the notice was served on the defendant, in the parish prison, on October 5th. When the case was called for trial the attorney, Dumaine, filed a motion for a postponement on the ground that he had been employed only recently to represent the defendant and had not had time to prepare the defense, and on the further ground that, previous to his being employed, the defendant had elected to be tried by the judge, and had afterwards decided, on the advice of the attorney, to avail himself of his right to a trial by jury, and hence to withdraw the waiver which he had made without the benefit of counsel. The judge, after hearing argument, overruled the motion, and, on that day, October 8th, 1942, tried the defendant and

found him guilty on the first count and not guilty on the second count. The judge sentenced the defendant to serve a term of one year at hard labor in the state penitentiary. He is appealing from the conviction and sentence.

■ The only question is whether the judge should have allowed the defendant to withdraw the waiver which he had made without the benefit of counsel, of his right to be tried by a jury. Our opinion is that the case is governed by the ruling in State v. Touchet, 33 La.Ann. 1154, and State v. Robinson, 43 La.Ann. 383, 8 So. 937. Touchet was prosecuted for larceny, and on arraignment elected to waive his right to a trial by jury, and was tried by the judge and found guilty. He moved for a new trial, which was granted. Thereafter, he filed a motion stating that since the new trial was granted he had elected and prayed to be tried by a jury. On objection by the district attorney the judge overruled the motion and prayer for a jury trial, "on the ground that having once elected to be tried by the judge, and having been so tried, it was not in the power of accused, upon the granting of a new trial, to revoke his election and demand a jury trial." On the second trial by the judge the defendant was convicted again. On appeal this court set aside the conviction and sentence on the ground solely that the judge had erred in refusing to allow the defendant to withdraw his waiver of a jury trial. In the course of the opinion rendered in the case the court stated:

"We think the judge erred. The right of trial by jury, in criminal prosecutions, is a

constitutional right always jealously guarded in Anglo-Saxon jurisprudence. This right arises and exists as to every trial— as well as to that which follows upon the granting of a new trial, as to the ordinary original trial. Being about to be tried in a criminal prosecution, the Constitution invests him with the right of jury trial, of which he cannot be deprived except on his voluntary election. His waiver of jury as to the first trial may be presumed to continue as to the new trial, unless timely application be made to revoke the same; but he cannot be deprived of this right of revocation on timely application. The only limitation on his right would be that his application should be timely—that is, made in such season as not substantially to delay or impede the course of justice. In the present case, the trial might have proceeded before a jury on the day when it was tried before the judge, and the application, made prior thereto, was entirely seasonable, and should have been granted."

■ In the present case, if the judge had granted the defendant's motion to withdraw his waiver of a jury trial, it would have resulted in a postponement of the trial for four weeks—possibly six weeks— to the next jury term; but such a delay should not be deemed a sufficient reason for denying the defendant his right to a trial by jury, merely because—without the advice of counsel—he first saw fit to waive the right.

In State v. Robinson the defendant did not move to withdraw his waiver of the right to a trial by jury until he had been convicted by the judge. The question pre-

sented on appeal was whether the statute, Act No. 18 of 1890, which permitted a defendant in a prosecution for a crime for which the penalty was not death or necessarily imprisonment at hard labor to waive his right to a trial by jury and to elect to be tried by the judge, was violative of the article of the Constitution which declared: "In all criminal prosecutions the accused shall enjoy the right to a speedy public trial by an impartial jury," et cetera. Const. 1879, art. 7. The court found nothing in the Constitution forbidding the defendant to waive his right to a jury trial in a case where the penalty was not death or necessarily imprisonment at hard labor. But the court took occasion to affirm the ruling, in State v. Touchet, 33 La.Ann. 1154, and quoted with approval the excerpts which we have quoted, and thereafter declared:

"The evils suggested by counsel as likely to arise from requiring ignorant accused at the moment of arraignment, and often when unattended by counsel, to make election in so vital a matter, will not occur under a proper administration of the law. Whenever the court is convinced that the waiver has been unadvisedly made, and proper and timely application is made to withdraw it, it would be the duty of the court to permit the revocation, and to restore to the accused his constitutional right."

The verdict and sentence are annulled and the case is ordered remanded to the criminal district court for a new trial.

PONDER, J., dissents.

ROGERS, J., absent.