STEVENS, J.
 

 The trial court, sitting without a jury, tried and adjudged defendant guilty of driving a vehicle upon the highway while under the influence of intoxicating
 
 *903
 
 liquor. Imposition of sentence was suspended by the court, and, in lieu thereof, defendant was placed on probation for two years upon conditions which include revocation of his driver’s license for one year and the payment of a $200 fine. Defendant has appealed from “the judgment of conviction” and also from the order denying his motion for a new trial.
 

 Although defendant questions the sufficiency of the evidence to support the adjudication of guilt, his primary challenge of the orders from which he appeals is directed to the refusal of the trial court to grant him a jury trial.
 

 Following the defendant’s arraignment on October 7, 1953, on a charge of violating section 502 of the Vehicle Code, at which time the trial court’s docket recites that he was “informed of legal rights,” time for entry of defendant’s plea was continued to October 9 at his request. On the latter date, according to the docket, defendant pleaded not guilty to the offense charged and waived trial by jury, and the case was set for trial on October 29.
 

 One week after entering his plea, however, defendant appeared for the first time with counsel and moved the court to set the action for jury trial. The motion was denied. On October 29, the date set for trial, defendant’s counsel again moved for a jury trial, which motion likewise was denied. The taking of testimony then began and, at its conclusion, the trial court adjudged defendant guilty as charged. On November 2, the court suspended imposition of sentence and placed defendant on probation as previously noted.
 

 Defendant’s notice of intention to move for a new trial was likewise filed and the motion made on November 2. In his affidavit supporting this motion defendant stated that he at no time was asked by the trial judge “whether he desired a trial by the court or by a jury. ’ ’ After announcing in open court his plea of not guilty, according to his affidavit, defendant was told by the judge to “see the Clerk.” In his conversation with the clerk, the affidavit continues, the “Clerk then asked your affiant whether he desired a trial by jury or by the court. Your affiant asked said Clerk what would be the difference and the Clerk responded to your affiant that in the event your affiant requested a jury trial the bail bond (then in the amount of $250.00) would be increased. Your affiant then stated to said Clerk that he had no other monies on his person and that he did not desire to he returned to custody, so he would take a trial by the court.” There was no denial of these allegations.
 

 
 *904
 
 In California, the “right of trial by jury shall be secured to all, and remain inviolate. ... A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel. ...” (Cal. Const., art. I, § 7.)
 

 A waiver of trial by jury, voluntarily and regularly made, cannot afterward be withdrawn except in the discretion of the court.
 
 (People
 
 v.
 
 Colton
 
 (1949), 92 Cal.App.2d 704, 707 [207 P.2d 890];
 
 People
 
 v.
 
 Cowan
 
 (1940), 38 Cal.App.2d 144, 149 [100 P.2d 1079];
 
 People
 
 v.
 
 Hooper
 
 (1936), 16 Cal. App.2d 704, 707 [61 P.2d 370]; and see 50 C.J.S.,
 
 Juries,
 
 § 111(b), pp. 825-826.) In the exercise of the discretion thus vested in it, the court may consider such matters as the timeliness of the motion to withdraw the waiver and whether a delay of the trial or inconvenience to witnesses would result from the granting of such motion.
 

 Thus in
 
 People
 
 v.
 
 Colton, supra,
 
 the court had vacated a prior order directing a venire of 100 persons to be summoned as jurors in reliance on the waiver of jury. Defendant did not move to set aside the waiver until the case was called for trial. Under the foregoing circumstances, the court was held not to have abused its discretion in denying the motion first made at the commencement of trial.
 

 In both
 
 People
 
 v.
 
 Cowan, supra,
 
 and
 
 People
 
 v.
 
 Hooper, supra,
 
 the defendants’ applications to withdraw their waivers of jury were not made until after considerable testimony had been taken in each case. Consequently, the action of the trial courts in denying the motions in those actions was held a proper exercise of discretion. For, as observed in the Hooper case, “it would seriously interfere with the orderly conduct of the business of the court if the accused could waive a jury trial and later, near the close of the trial by the court, could demand that the waiver be set aside without giving any good and sufficient reason for such action. ’ ’
 

 On the other hand, where the request to withdraw the waiver of a jury trial is made sufficiently in advance of trial so as not to interfere with the orderly administration of the business of the court or to result in unnecessary delay or inconvenience to witnesses or to the prejudice of the other party to the action, the court should exercise its discretion to allow the moving party the jury trial he seeks. Certainly, when dealing with a right so fundamental as to be characterized by our Constitution as one which should “remain inviolate,” the court should only deny the privilege thus accorded a
 
 *905
 
 defendant charged with crime to a trial by his peers where some adverse consequence will flow from his change of mind.
 

 Of course, it may be urged that in any such case, the cost to the People of a jury trial through the payment of the jurors’ per diem fees and mileage allowance is such as to result in prejudice whenever a jury demand is reinstated. Such an expense, however, is not one which may be considered by the trial court in exercising its discretion to deny a motion for withdrawal of a waiver of jury, for the constitutional guarantee of a jury trial is in no way conditioned upon the fact that the State must bear the cost of supplying the jury in criminal cases. To provide the necessary venire is a duty of the State, arising under the Constitution of which it may not constitutionally complain.
 

 While no criminal appeals in California appear to have involved a situation calling for the exercise of the court’s discretion to grant an application for a jury trial once waived, courts of other jurisdictions have announced the rules governing such action. As stated in
 
 State
 
 v.
 
 Rankin
 
 (1925), 102 Conn. 46, at page 50 [127 A. 916], “The court may permit the withdrawal, in the exercise of its discretion.
 
 Wadkins
 
 v.
 
 State,
 
 127 Ga. 45 [56 S.E. 74]. Such a discretion is a reasonable one in the light of the circumstances. If the application for such withdrawal be made seasonably, that is, so that the withdrawal will not unreasonably delay the cause, or impede justice, or otherwise prejudice the State, the court should permit it. . . .” And in
 
 Wilson
 
 v.
 
 State
 
 (1939), 60 Ga.App. 641 [4 S.E.2d 688], the court said that a defendant should be permitted to revoke the waiver of a jury trial “provided he acts timely and in such season ‘as not substantially to delay or impede the cause of justice.’
 
 (Cain
 
 v.
 
 State,
 
 102 Ga. 610, 612 [29 S.E. 426].)” When a timely demand for a jury trial previously waived was denied by the trial court, the Oklahoma Criminal Court of Appeal reversed the judgment of conviction, holding that “the action of the court in refusing the defendants a jury trial was an abuse of discretion and deprived the defendants of a fair and impartial trial as guaranteed by the Constitution and the laws of this State.” (
 
 Staley
 
 v.
 
 State
 
 (1938), 65 Okla.Cr. 227, 238 [84 P.2d 813]; and see
 
 People
 
 v.
 
 Standish
 
 (1914), 185 Ill.App. 485, 487.) Even in civil cases, the California Supreme Court has observed: “We think that, as a general rule, a party should be rélieved from a stipulation waiving a jury, where the same can be done without injury to the other side, and without disarranging
 
 *906
 
 the orderly conduct of the business of the court.”
 
 (Ferrea
 
 v.
 
 Chabot
 
 (1898), 121 Cal. 233, 235 [53 P. 689, 1092].)
 

 An additional reason for permitting a withdrawal of a jury waiver exists when, as in this case, the defendant waived a jury trial when not represented by counsel. In such cases, where following the employment of counsel by the defendant, a timely demand has been made for a jury trial, the court should permit a revocation of the waiver and grant a trial by jury.
 
 (State
 
 v.
 
 Williams
 
 (1942), 202 La. 374, 377 [11 So.2d 701];
 
 Butler v. State
 
 (1895), 97 Ga. 404 [23 S.E. 822];
 
 Wilson
 
 v.
 
 State
 
 (1939), 60 Ga.App. 641 [4 S.E.2d 688].) Further support for this conclusion is supplied by the provision of article I, section 7, of the California Constitution, requiring the consent of
 
 both
 
 the defendant and his counsel before a waiver becomes effective. (See
 
 People
 
 v.
 
 Wilkerson
 
 (1929), 99 Cal.App. 123 [278 P. 466];
 
 People
 
 v.
 
 Spinato
 
 (1929), 100 Cal.App. 600 [280 P. 691].) Consequently, even though a waiver of jury by a defendant appearing in propria persona may be legally effective (see
 
 People
 
 v.
 
 Thompson
 
 (1940), 41 Cal.App.2d Supp. 965, 967 [108 P.2d 105]), once he has engaged counsel who is of the opinion that the defendant’s interests will be furthered by a jury trial rather than a trial by judge, the constitutional concern that the consent of the lawyer, as well as of the defendant, to the waiver be secured should be given consideration in ruling upon a subsequent application of defendant’s counsel to withdraw the waiver.
 

 Reviewing the facts in this case as they were presented to the trial court, it appears that, one week after the entry of the plea of not guilty and the waiver of jury by defendant at a time when he had no counsel, he, through his subsequently retained lawyer, moved the court for a jury trial. This request was made some thirteen days before the date set for trial. Nothing in the record before the trial judge or on this appeal indicates that the granting of a jury trial would have delayed the trial of the ease or in any way have prejudiced the legitimate interests of the prosecution. Nor was any rebuttal of defendant's conversation with the clerk of the trial court, as set forth in his affidavit in support of his motion for new trial, introduced either by way of oral testimony or counteraffidavit. Defendant’s uncontradicted version of the conversation reveals that his choice of trial by judge rather than by jury was induced by his inability to furnish the additional bail he was told his insistence on a jury would re
 
 *907
 
 quire and was not an informed selection reached after a consideration of the factors involved in a trial by jury as distinguished from one by judge. Under the foregoing circumstances, the trial court abused its discretion in denying the motion for jury trial.
 

 Although no judgment of conviction was entered in this case, the appeal from what defendant describes as “the judgment of conviction” shall be construed as an appeal from the order granting probation.
 
 (People
 
 v.
 
 McShane
 
 (C.A. 3127, 1954); see 126 Cal.App.2d Supp. --- [272 P.2d 571];
 
 People
 
 v.
 
 Stanley
 
 (Cr.A. 3132, 1954), 1 A.D. (Met.ed.) 22.) As so construed that order is reversed, as is the order denying the motion for a new trial.
 

 Shaw, P. J., and Bishop, J., concurred.