[Crim. No. 6949. Second Dist., Div. Three. Aug. 5, 1960.]

THE PEOPLE, Respondent, v. RUBEN JOE MELGOZA, Appellant.

Ruben Joe Melgoza, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

SHINN, P. J.—Ruben Joe Melgoza was accused by amended indictment of two offenses of the sale of heroin, with prior convictions of violation of the narcotic laws, and the alteration of post office money orders for which offenses he had served

prison terms. In a nonjury trial in which he was represented by counsel, Melgoza was convicted of both offenses and was sentenced to state prison. The prior convictions were proved and shown in the judgment. Defendant appeals from the judgment in propria persona.

Upon his application for appointment of counsel on the appeal the matter was referred to the Los Angeles Bar Association Committee on Criminal Appeals. A report was received from a member of the committee stating that the appeal appeared to be without merit and the court having examined the record denied the application for reasons hereinafter appearing. Defendant has filed an opening and a reply brief.

There was evidence of the following facts. February 4, 1959, defendant sold to Deputy Sheriff Renteria of Los Angeles County a gram of heroin for which he was paid $20. On the following day he sold Deputy Renteria nine capsules of heroin for which he was paid $20. The first transaction took place at the home of defendant where he was living with his mother and two sisters; the second sale took place at another location to which the deputy and defendant had driven from defendant's home. Deputy Sheriff Stoops with a partner was parked near defendant's home on February 5th and Stoops testified he saw Renteria contact defendant, saw them drive away together and saw Renteria emerging from an alley behind defendant's home some time later. On the stand defendant denied that he had contacted Renteria or sold him any heroin. Two sisters of defendant testified that on the 4th and 5th of February they were at their mother's home where defendant also was living and that they did not see Renteria at the house on either of those days.

Renteria testified that he was introduced to defendant by one Philbert C. Rivera, an ex-convict. Rivera, called as a witness for defendant, testified that he had introduced Renteria to defendant. Upon cross-examination he admitted that in a conversation in the jail when confronted by defendant and his counsel he had denied having made the introduction but that he had made that statement only because he did not want to make any trouble.

The allegations of the prior convictions were added by amendment of the indictment. Defendant was arraigned on the amended indictment, pleaded not guilty to the charges and denied the prior convictions. It is contended that the amendment could only have been made before the entry of defendant's plea or prior to the sustaining of the demurrer

to the indictment (Pen. Code, § 1009).  ■  But the amendment was made pursuant to an order granting the motion of the deputy district attorney to amend the indictment by alleging the former convictions, which procedure is authorized by section 969a of the Penal Code.  ■  Another argument made by defendant is that the court should have rejected the testimony of Rivera because it was shown that he had suffered a felony conviction and because his testimony was in conflict with statements previously made to the defendant's counsel and it is also contended that the court should have believed the testimony of defendant and his witnesses. These arguments are unavailing.

At the commencement of the trial it was stipulated that there should be received in evidence testimony of chemists Wieland and Klein given before the grand jury and the testimony was duly admitted. They had testified that the substances which were identified as those which Renteria had received from defendant were analyzed by them and found to be heroin.

■  It is contended by defendant that it was error to admit the testimony under the stipulation since he had no opportunity to cross-examine the witnesses. There is no merit in this contention. The stipulation entered into by defendant's counsel within the presence and hearing of defendant, who remained silent, is binding upon defendant and cannot now be urged as deprivation of the right of cross-examination. It is a more or less common practice in these cases for counsel to stipulate that the substances taken from an accused and analyzed were in fact some form of narcotic. Defendant cannot question the authority of his attorney to stipulate to receipt of the testimony of Wieland and Klein before the grand jury. (*People* v. *Hooper,* 16 Cal.App.2d 704 [61 P.2d 370].)

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 27, 1960.