[Crim. No. 7610. Second Dist., Div. Three. Aug. 23, 1961.]

THE PEOPLE, Respondent, v. WALTER JOHN OSMON,
Appellant.

McGrew Willis for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Matthew M. Kearney, Deputy Attorney General, for Respondent.

FORD, J.—The appellant was accused of the crime of burglary. In a trial by the court without a jury, he was found guilty of burglary of the first degree. He appeals from the judgment and from the order denying his motion for a new trial.

The only contention made on this appeal is that the trial court abused its discretion in denying the appellant's motion for permission to withdraw his waiver of trial by jury. The essential facts will be stated.

When the case came on for trial on November 18, 1960, the appellant was represented by a deputy public defender. The appellant's right to a jury trial was waived in the manner provided by law. It was stipulated that the court could determine the case upon the testimony given at the preliminary examination and upon the written reports of the doctors who had examined the appellant, except that the right was reserved to both sides to introduce additional evidence. The matter was then continued to December 12. All witnesses were excused from further attendance after the deputy public defender had said that the appellant would not "require any witnesses." However, on December 5, 1960, the deputy public defender made a motion that Mr. Willis be substituted as the appellant's attorney in the place of the public defender; that motion was granted. Thereupon Mr. Willis made a motion that the appellant be permitted to withdraw his waiver of trial by jury and to be relieved of the stipulation heretofore set forth. Mr. Willis stated that he desired to cross-examine the witnesses for the prosecution upon the subject of the appellant's intoxication.[1] The matter was continued to the following morning and on that day, December 6, the motion presented by Mr. Willis was denied.

---

[1]Section 22 of the Penal Code is as follows: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act."

On December 12, the date to which the trial had been continued, the appellant sought a further continuance because of the absence of a physician whom he wished to call as a witness. With the consent of the district attorney, the matter was continued to December 22. After the continuance had been granted, the appellant renewed his request that he be permitted to withdraw his waiver of trial by jury. The deputy district attorney stated that pursuant to the prior stipulation and the agreement of the deputy public defender an exhibit had been returned "to the victim," which exhibit "contained his wallet and longshoremen's papers without which he could not work." The court finally stated: "I am not making any definite decision on it now but I will say to both sides that they had better be prepared for any eventuality."

On December 22, counsel for the appellant stated to the court in part as follows: "I would like to respectfully request to renew my motion for a jury trial. . . . I note further the prosecuting witness in this case is in court and I am further advised there are other witnesses subpoenaed by the People." In response to the court's inquiry, the deputy district attorney said that the prosecution's witnesses were present. The court denied the motion and ordered the case transferred to another department "for immediate trial." The transfer appears to have been motivated by a desire on the part of the court to avoid, in the trial of the case on its merits, any prejudice which might have been engendered in the course of the proceedings heretofore discussed.

Judge Nye was the judge presiding in the department to which the case was transferred by the judge who had previously refused to permit the appellant to withdraw his waiver of trial by jury. The motion was not renewed and the trial proceeded in accordance with the stipulation heretofore stated. The testimony given at the preliminary examination, which was before the court pursuant to the stipulation, was that of Mr. Olivera, whose apartment was entered, and that of Mr. McPherson, a police officer. Four witnesses testified on behalf of the appellant. The prosecution then called two witnesses in rebuttal, one being Mr. Olivera and the other being a police officer, Mr. Tiner. As has been stated, the court found the defendant guilty of burglary of the first degree.

The applicable law was clearly stated in an opinion written by Judge Daniel N. Stevens in *People* v. *Melton,* 125 Cal.App. 2d Supp. 901 [271 P.2d 962, 46 A.L.R.2d 914]. Therein it was said (125 Cal.App.2d Supp. at pp. 904-905): "A

154

waiver of trial by jury, voluntarily and regularly made, cannot afterward be withdrawn except in the discretion of the court. (*People* v. *Colton* (1949), 92 Cal.App.2d 704, 707 [207 P.2d 890]; *People* v. *Cowan* (1940), 38 Cal.App.2d 144, 149 [100 P.2d 1079]; *People* v. *Hooper* (1936), 16 Cal.App.2d 704, 707 [61 P.2d 370]; and see 50 C.J.S., *Juries*, § 111(b), pp. 825-826.) In the exercise of the discretion thus vested in it, the court may consider such matters as the timeliness of the motion to withdraw the waiver and whether a delay of the trial or inconvenience to witnesses would result from the granting of such motion. . . . ■ On the other hand, where the request to withdraw the waiver of a jury trial is made sufficiently in advance of trial so as not to interfere with the orderly administration of the business of the court or to result in unnecessary delay or inconvenience to witnesses or to the prejudice of the other party to the action, the court should exercise its discretion to allow the moving party the jury trial he seeks. Certainly, when dealing with a right so fundamental as to be characterized by our Constitution as one which should 'remain inviolate,' the court should only deny the privilege thus accorded a defendant charged with crime to a trial by his peers where some adverse consequence will flow from his change of mind.''

■ The request to withdraw the waiver of a jury trial was made in the present case one week before December 12, the date to which the matter had been continued after the stipulation with respect to the use of the testimony at the preliminary examination and the consideration of the written medical reports. It does not appear from the record that the judge had, as of that time, undertaken to read the testimony and reports pursuant to that stipulation. The case was not transferred to Judge Nye for trial by him until December 22. Certainly, the request was made at a time sufficiently in advance of the disposition of the case on its merits so as not to interfere with the orderly administration of the business of the court. Inasmuch as both the person whose apartment was entered and one of the police officers were present at the trial on December 22, it does not appear that there would have been any substantial inconvenience of witnesses or any prejudice to the legitimate interests of the prosecution if the motion had been granted. It cannot reasonably be urged that the granting of such motion would have had an adverse effect upon the proper administration of justice. There was a clear abuse of discretion in the refusal of the court to permit a

trial by jury and to give relief from the stipulation to which reference has been made.[2]

The judgment and the order denying the motion for a new trial are reversed.

Shinn, P. J., and Vallée, J., concurred.

---

[2]In *Floyd* v. *State* (Fla.), 90 So.2d 105, counsel, who had been substituted for the defendant's first attorney, moved the court to withdraw the waiver of jury trial. The motion was denied but a continuance of one week was granted to permit the new counsel to prepare for trial. The Supreme Court of Florida said, at page 106: "But the discretion to be exercised by the court in granting or denying such withdrawal is not an unbridled one. It should, in all cases, be exercised liberally in favor of granting to an accused the right to trial by jury." Among the authorities cited by the court was the *Melton* case. The court reached the conclusion that the denial of the motion was an abuse of discretion under the facts and circumstances of the case. The judgment was reversed.