385 So.2d 235 (1980)
STATE of Louisiana
v.
Joe A. CATANESE.
No. 66379.
Supreme Court of Louisiana.
June 23, 1980.
*236 Daniel LaGrone, Smith & LaGrone, Wellborn Jack, Jr., Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., B. Woodrow Nesbitt, Ronald R. Inderbitzin, Asst. Dist. Attys., for plaintiff-appellee.
DENNIS, Justice.
In this criminal case we are called upon to decide whether a defendant who knowingly and intelligently waived his right to a jury trial may thereafter have his right reinstated. We hold that reinstatement of a defendant's right to a jury trial is within the court's discretion, but where a defendant moves to reinstate his right sufficiently in advance of trial that reinstatement will not interfere with the orderly administration of the business of the court, result in undue delay or inconvenience to witnesses, or prejudice the legitimate interests of the prosecution, the trial court should exercise its discretion to afford the defendant a trial by jury. Accordingly, under the circumstances of this case, in which defendant moved to reinstate his right to a jury trial before the case had been set for trial, trial was not commenced for approximately one and one-half months after his motion was denied, and no prejudice to the state would have resulted from reinstatement, the trial court abused its discretion in denying defendant's motion.
The defendant, Joe Catanese, was charged by bill of information with the crime of armed robbery, in violation of La. R.S. 14:64. After trial before a judge, Catanese was convicted of the crime charged and was sentenced to twenty-five years imprisonment at hard labor. On appeal the defendant relies upon eleven assignments of error, which comprise four arguments, for reversal of his conviction. Finding reversible error in assignments of error one through four we do not consider the defendant's other assignments of error.
Assignments of error one through four involve defendant's contention that the trial court erred in failing to reinstate the defendant's right to a trial by jury. After being charged with armed robbery, Catanese, on June 27, 1977, waived his right to a jury trial, electing a trial before a judge alone. On August 9, 1977 the defendant moved unsuccessfully for reinstatement of his right to a jury trial. On August 19, 1977 this Court denied, for lack of a sufficient showing of abuse of judicial discretion, the defendant's application for a writ to review the trial judge's refusal to reinstate his right to a jury trial. On August 19, 1977 Catanese filed a motion to fix a hearing to determine the admissibility of evidence, in an attempt to introduce the results of a polygraph test. After defendant's polygraph motion was granted by the trial court, this Court granted the state's application for writs and ultimately reversed the trial judge's ruling. State v. Catanese, 368 So.2d 975 (La.1979). Subsequently, the defendant filed another motion for reinstatement of his right to a jury trial. This motion, which was filed June 22, 1979, was also denied by the trial court.
The question presented to this Court is whether the defendant, who knowingly and intelligently waived a jury trial, may have his constitutional right reinstated. The right of an accused to have a trial by jury is guaranteed by Article 1, § 17 of the Louisiana Constitution, and by the Sixth Amendment, which was made applicable to *237 the state by the Fourteenth Amendment. Except in a capital case, a defendant may knowingly and intelligently waive a trial by jury and elect to be tried by the court. La.Const. art. 1, § 17; La.C.Cr.P. art. 780. Our code of criminal procedure is silent on the subject of a defendant's revocation of his jury trial waiver. The Official Revision Comment notes, however, that such matters are handled under the general authority of courts to regulate their business. See La.C. Cr.P. art. 780, Official Revision Comment (d). Accordingly, we conclude that an accused may have his right to a trial by jury reinstated within the sound discretion of the trial court.[*]
In exercising his discretion to grant or deny reinstatement of a defendant's right to a jury trial, the trial judge should balance the legitimate interests of the prosecutor and the court against the defendant's fundamental interest in the safeguard of a trial by jury. The opinion in People v. Melton, 125 Cal.App.2d 901, 271 P.2d 962, 46 A.L.R. 914 (1954) succinctly stated the main considerations to be weighed in determining a defendant's right to have a trial by jury reinstated:
"* * * [W]here the request to withdraw the waiver of a jury trial is made sufficiently in advance of trial so as not to interfere with the orderly administration of the business of the court or to result in unnecessary delay or inconvenience to witnesses or to the prejudice of the other party to the action, the court should exercise its discretion to allow the moving party the jury trial he seeks. Certainly, when dealing with a right so fundamental as to be characterized by our Constitution as one which should `remain inviolate', the court should only deny the privilege thus accorded a defendant charged with crime to a trial by his peers where some adverse consequence will flow from his change of mind." 271 P.2d at 963-64.
See also Thomas v. Commonwealth, 218 Va. 553, 238 S.E.2d 834 (Va.1977); Staten v. State, 13 Md.App. 425, 283 A.2d 644 (1971). The court in Melton also noted that the cost to the public of a jury trial is not a factor to be considered by the trial court in exercising its discretion to deny a motion for withdrawal of a waiver of jury, "for the constitutional guarantee of a jury trial is in no way conditional upon the fact that the State must bear the cost of supplying the jury in criminal cases." 271 P.2d at 964.
We conclude that, under the circumstances of this case, the trial court abused its discretion in denying the defendant's motion for reinstatement of a jury trial. The defendant filed his motion for reinstatement on June 22, 1979, approximately three months prior to the commencement of the trial on September 17, 1979 and at a time when the date for the trial had not been set. There has been no showing that the granting of the defendant's motion for reinstatement would have interfered with the administration of the business of the court, would have resulted in unnecessary delay or inconvenience to witnesses or would have prejudiced the interest of the prosecution.
For the reasons assigned the defendant's conviction and sentence are set aside and the case is remanded for a new trial.
REVERSED AND REMANDED.
NOTES
[*] This Court has only rarely dealt with the issue of whether a voluntary waiver of a jury trial may be revoked. In State v. Touchet, 33 La. Ann. 1154 (1881), this Court held that a defendant who waived trial by jury and was convicted of larceny had the right, upon being granted a new trial, to elect a trial by jury. Other cases considering the withdrawal issue have involved the timeliness of the attempted withdrawal of the waiver or the voluntariness of the waiver. State v. Kavanaugh, 203 La. 1, 13 So.2d 366 (1943); State v. Williams, 202 La. 374, 11 So.2d 701 (1942); State v. Robinson, 43 La.Ann. 383, 8 So. 937 (1891).