# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Donald CLOUD, Defendant-Appellant.

Court of Appeals

*No. 85-2229-CR. Submitted on briefs May 6, 1986.—Decided July 22, 1986.*

(Also reported in 393 N.W.2d 123.)

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, with *Marguerite M. Moeller*, assistant attorney general of counsel, of Madison.

For the defendant-appellant the cause was submitted on the briefs of *Robert J. Dvorak, S.C.*, of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. Donald Cloud appeals a judgment convicting him of one count of kidnapping and four counts of first degree sexual assault, party to a crime, in violation of secs. 940.31(1)(a), 940.225(1)(b), and 939.05, Stats., and from an order denying him postconviction relief. He asserts that he was denied his state and federal constitutional rights to a jury trial. Because the trial court abused its discretion in refusing to allow Cloud to withdraw his jury waiver, we reverse the judgment and order and remand for a jury trial.

Cloud was arrested in 1983 for the crimes for which he was ultimately convicted. On December 20, 1983, Cloud, represented by retained counsel, waived his right to a jury trial. Plea negotiations were anticipated by both sides because of Cloud's cooperation in locating an additional suspect, but no agreement was ever reached. On May 30, 1984, Cloud's retained counsel asked to withdraw because he believed that Cloud's only defense would "not wash." He was allowed to withdraw from the

case two weeks later, and the case was continued until June 20, 1984, for status.

On that date, Cloud appeared with his newly-appointed counsel, who asked the court to allow Cloud to withdraw his jury waiver. The court refused. At a June 28, 1984, hearing, the court denied Cloud's written motions for recusal and withdrawal of the jury waiver. The court also set July 30, 1984, as the date for trial to the court. No trial date had been set previously. On that date, before trial began, the court denied Cloud's second written motion for withdrawal of his jury waiver. Trial proceeded and Cloud was found guilty. Cloud's postconviction motions were denied, and he appeals.

Cloud asserts that he is entitled to a new trial for three reasons: his jury waiver was not knowingly made, he should have been allowed to withdraw his jury waiver, and the trial court judge should have recused herself. We hold that Cloud's jury waiver was constitutionally adequate, but that the trial court abused its discretion in not allowing Cloud to withdraw his jury waiver. Because we remand for a new trial on that ground, the recusal issue is moot.

Cloud is entitled to a jury trial under the sixth and fourteenth amendments to the federal constitution and art. I, secs. 5 and 7 of the state constitution. Thus, whether Cloud was deprived of his constitutional right to a jury trial is a question of constitutional fact, which we independently review as a question of law. *See State v. Woods,* 117 Wis. 2d 701, 715-16, 345 N.W.2d 457, 465 (1984).

In this state, a criminal defendant has a statutory right to waive a jury and be tried by the court. Sec.

61

972.02(1), Stats. The defendant's waiver must be made personally, knowingly, and voluntarily, and the record must clearly indicate the defendant's willingness and intent to waive his or her right to a jury trial. *State v. Moore*, 97 Wis. 2d 669, 671, 294 N.W.2d 551, 553 (Ct. App. 1980). Our supreme court has cited with approval "the procedure suggested in *ABA Standards Relating to Trial by Jury*, sec. 1.2(b) (1968), which places the responsibility of developing the record on the trial court itself." *Krueger v. State*, 84 Wis. 2d 272, 282, 267 N.W.2d 602, 607 (1978). Commentary on that section, now sec. 15-1.2(b), is as follows:

It may well be that a defendant who has been informed by counsel or is otherwise aware of the right to trial by jury may intelligently waive that right without further admonishment from the court. However, consistent with the approach which has been taken with regard to entry of a plea of guilty, the better practice is for a court to advise a defendant of the right to jury trial before accepting a waiver. As one court has observed: " '[T]he serious and weighty responsibility' of determining whether [the defendant] wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make 'an intelligent and competent waiver.' " *When the record or a written waiver establishes that a defendant was specifically advised that he or she could be tried by a jury, a subsequent attack on the waiver by the defendant is not likely to prevail.*

3 *Standards for Criminal Justice* sec. 15-1.2(b) commentary at 15.24 (2d ed. 1980) (footnotes omitted and emphasis added). We conclude from the record, as developed by the trial court, that Cloud's waiver was made personally, knowingly, and voluntarily.

Cloud admits on appeal that his jury waiver is "superficially" adequate on the record. Nevertheless, he asserts that it was unknowingly made because it was made in anticipation of a plea bargain that never materialized. We disagree. Cloud stated on the record that he had not received any promises in exchange for his jury waiver. He cannot now claim that his jury waiver was conditional. His waiver was therefore constitutionally adequate.

The trial court, however, should have allowed Cloud to withdraw his valid jury waiver. The court's refusal to do so was an abuse of discretion entitling Cloud to a new trial.

Whether, and under what circumstances, a defendant may withdraw a valid jury waiver is a question of first impression in this state. Those courts addressing the issue in this century have uniformly held that the standard of review is whether the trial court abused its discretion in denying withdrawal. *See, e.g., People v. Melton,* 271 P.2d 962, 963 (Cal. App. 1954); *Floyd v. State,* 90 So. 2d 105, 106 (Fla. 1956); *State v. Catanese,* 385 So. 2d 235, 237 (La. 1980); *see also* Annot., 46 A.L.R. 2d 919, 920 (1956), 46 A.L.R. 2d *Later Case Service* 313-14 (1980 & Supp. 1986), and cases cited therein.

Several of these cases, which we find persuasive, indicate that the trial court's discretion in deciding a withdrawal motion is not unbridled and should be exercised liberally in favor of granting the defendant's right to a jury trial. *E.g., Floyd,* 90 So. 2d at 106. Factors bearing on the trial court's exercise of discretion include the defendant's reason for requesting withdrawal, the timing of the request, relevant changes of circum-

stances, and the delay, inconvenience, or other adverse consequences of allowing withdrawal. *Mathias v. State*, 394 A.2d 292, 296 (Md. 1978) (citation omitted), *cert. denied*, 441 U.S. 906 (1979). *See also Thomas v. Commonwealth*, 238 S.E.2d 834, 835-36 (Va. 1977) (trial court abused discretion in denying withdrawal motion made eleven days before trial date, when there was no showing that jury could not have been impanelled on original date, that motion was made for delay, that witnesses would have been inconvenienced, that prosecutor objected, or that a continuance would cause undue delay or impede cause of justice).

Generally, the cases hold that if a defendant's motion to withdraw a jury waiver is made sufficiently in advance of trial so as not to interfere with the orderly administration of court business or to result in unnecessary delay, inconvenience to the witnesses, or prejudice to the state, the court should exercise its discretion to allow the defendant to have a jury trial. *E.g., Melton*, 271 P.2d at 963-64. Decisions upholding the trial court's denial of a withdrawal motion made prior to trial are primarily based on the ground that granting withdrawal would have resulted in unreasonable delay or inconvenience. *See, e.g., People v. Colton*, 207 P.2d 890, 891 (Cal. App. 1949); *Williams v. State*, 280 So. 2d 516, 516 (Fla. App. 1973); *State v. Daigle*, 556 P.2d 400, 403-04 (Kan. 1976), *cert. denied*, 430 U.S. 983 (1977).

We note with approval the Louisiana Supreme Court's suggestion that in exercising its discretion, the trial court must balance the legitimate interests of the court and prosecutor with the defendant's fundamental interest in the right to a trial by jury. *Catanese*, 385 So. 2d at 237. Because the defendant's right to a trial by jury is fundamental and should remain inviolate, the trial

court should deny the defendant's withdrawal motion only when some adverse consequence would flow from the defendant's change of mind. *Melton*, 271 P.2d at 964. Accordingly, we hold that it is an abuse of discretion for a trial court to deny a criminal defendant's motion to withdraw a jury waiver if there is no showing that granting withdrawal would have substantially delayed or impeded the cause of justice.

In this case, the trial court based its denial of Cloud's withdrawal motion solely on the fact that his waiver was valid. No date had been set for trial when Cloud brought his first written motion, and the trial court stated that its calendar was probably unaffected by Cloud's waiver. Thus, allowing Cloud to withdraw his waiver would not have delayed trial or inconvenienced the court. Nor was there any indication that Cloud's motion was brought in bad faith. Granting withdrawal, therefore, would not have impeded the cause of justice.

In considering only whether Cloud's jury waiver was valid, the trial court did not strike the proper balance between the public's interest in orderly judicial administration and Cloud's right to be tried by a jury. It is clear from the record that no adverse consequences would have resulted from granting Cloud's motion to withdraw his jury waiver. Thus, there was no reasonable basis for the trial court's decision. We conclude, therefore, that the trial court abused its discretion. *See Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175, 184 (1982). We remand the case to the trial court so that Cloud may have the jury trial he was wrongfully denied.

Finally, Cloud asserts that the trial court judge erred in refusing to recuse herself on the ground of

65

prejudice after hearing the remarks of Cloud's first attorney regarding the insufficiency of Cloud's defense. We conclude that this issue is rendered moot by our decision on the jury waiver withdrawal issue. Because we order a new trial, Cloud may file a request for a substitution of judge within twenty days after we file the remittitur. *See* sec. 971.20(7), Stats. Thus, Cloud is seeking a determination that cannot have any practical effect on an existing controversy and, therefore, we decline to address it. *See State ex rel. La Crosse Tribune v. Circuit Court*, 115 Wis. 2d 220, 228, 340 N.W.2d 460, 464 (1983) (citation omitted).

*By the Court.*—Judgment and order reversed and cause remanded for a new trial.